IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M.P. MOON, individually and as representative of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan,<br><br>     Plaintiff,<br><br>  v.<br><br>CORTEVA, INC., DUPONT de NEMOURS, INC., U.S. DUPONT PENSION AND RETIREMENT PLAN, THE ADMINISTRATIVE COMMITTEE, E.I. DU PONT DE NEMOURS AND COMPANY AND THE DUPONT BENEFITS PLANS ADMINISTRATIVE COMMITTEE,<br><br>     Defendants. | C.A. No. 19-1856 (MN) |

**ORDER**

At Wilmington this 29th day of September 2020:

WHEREAS, on October 2, 2019, Plaintiff filed the present action against Defendants under 29 U.S.C. § 1132(a)(1)(B), which codifies Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA") and which allows a participant to bring an action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan" (D.I. 1 ¶¶ 1, 41);

WHEREAS, on December 16, 2019, Defendants filed a motion to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure and that motion indicates there is some confusion as to what claims Plaintiff is asserting (*see* D.I. 7 & 8);

WHEREAS, on February 13, 2020, Plaintiff responded that it "has not made a claim for individualized benefits under ERISA § 502, nor a claim for Misrepresentation under ERISA § 502(a)(3), nor a claim for Equitable Estoppel under ERISA § 502(a)(1)(B)" (D.I. 16 at 4); and

WHEREAS, the Court has reviewed the Complaint and the briefing (D.I. 1, 8, 16 & 17) and the Court finds that there is significant confusion as to what claims are asserted in the Complaint and, further, that it is not clear what statutory (or other) authority forms the basis for the claims that Plaintiff is attempting to assert.[1]

THEREFORE, IT IS HEREBY ORDERED that Defendants' motion to dismiss (D.I. 7) is GRANTED and the Complaint is dismissed without prejudice.  IT IS FURTHER ORDERED that Plaintiff shall be given twenty-one (21) days to file an amended complaint, along with a redline comparing the amended complaint to the original Complaint.  IT IS STILL FURTHER ORDERED that, in any such amended complaint, Plaintiff shall make clear what claims are being asserted and what statutory (or other) authority forms the basis for each of its asserted claims.

_____
The Honorable Maryellen Noreika
United States District Judge

---

[1] This confusion is compounded by Plaintiff's opposition to the motion to dismiss, where Plaintiff largely sidestepped any explanation or defense of the claims at issue and instead focused on pointing out the types of claims that were not asserted. (*See, e.g.*, D.I. 16 at 4).