IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M.P. MOON,

    *Plaintiff,*

    v.                                    No. 1:19-cv-1856-SB

E.I. DU PONT DE NEMOURS AND CO.,

    *Defendant.*

---

P. Bradford deLeeuw, DELEEUW LAW LLC, Wilmington, Delaware; Michael C. McKay, MCKAY LAW, LLC, Scottsdale, Arizona.

        *Counsel for Plaintiff.*

Beth Moskow-Schnoll, Brittany M. Giusini, Juliana R. van Hoeven, BALLARD SPAHR LLP, Wilmington, Delaware; David S. Fryman, Katherine J. Atkinson, BALLARD SPAHR LLP, Philadelphia, Pennsylvania.

        *Counsel for Defendant.*

---

**MEMORANDUM OPINION**

June 21, 2021

BIBAS, *Circuit Judge*, sitting by designation.

Retirement-plan administrators must act with special care. Sometimes, they must even save participants from their own mistakes. DuPont may have owed that duty here. M.P. Moon, a former DuPont employee, did not realize when he was eligible for his full pension, so he missed out on years of payments. He claims that the company had a duty to be clearer about when he was eligible. Because Moon has plausibly alleged that DuPont misled him, I will deny its motion to dismiss.

## I. BACKGROUND

Moon worked for DuPont until 1999 and took part in the company's pension plan. Second Am. Compl., D.I. 30, ¶ 25. Right before he left, the plan sent him a benefits notice:

### INFORMATION FROM OUR RECORDS

| | | | |
|---|---|---|---|
| Original Hire Date: | 3/7/1979 | Benefit Commencement Date (BCD): | 11/1/1999 |
| Adjusted Service Date: | 3/7/1979 | Earliest Unreduced BCD: | 7/1/2010 |
| Benefit Service at Separation: | 20.65000 | Normal Retirement Date: | ▉2017 |

*Id.* Ex. A, at 1. The notice explained that Moon could choose when to start getting his pension. His "Benefit Commencement Date (BCD)" was in 1999. *Id.* That meant he could start getting paid right away. But if he chose that option, his monthly payments would be smaller. If instead he waited until his "Earliest Unreduced BCD" in 2010, he would get the largest possible monthly payment. *Id.* ¶ 13, Ex. A, at 1. There was no good reason to wait past 2010. *Id.* ¶ 18.

But according to Moon, DuPont misled him. It included a third date on the notice, his "Normal Retirement Date" in 2017 (when he turned sixty-five). *Id.* Ex. A, at 1.

2

Moon claims that this date was irrelevant; if he delayed his pension until 2017, he would simply miss out on seven years of the largest possible payment. *Id.* ¶ 18. But DuPont never expressly said that. *Id.* ¶ 36.

Moon adds that after 1999, DuPont never again mentioned the 2010 date. Instead, it reminded him of the irrelevant 2017 one. Second Am. Compl. ¶¶ 36–37. For example, in a 2000 notice, DuPont included a similar box but dropped the "Earliest Unreduced BCD" line:

```
INFORMATION FROM OUR RECORDS
Original Hire Date:              3/7/1979    Earliest Benefit Commencement Date:    4/1/2000
Adjusted Service Date:           3/7/1979    Normal Retirement Date:                ▮2017
Benefit Service at Separation:   20.65000
```

*Id.* Ex. B, at 1.

Come 2010, Moon did not realize that he could start getting his full pension. So he waited years to ask for it. *Id.* ¶ 29. As a result, he claims, he missed out on $135,000. *Id.* ¶ 52. When he finally realized the mistake, he asked DuPont for the missed payments. *Id.* ¶ 15. But DuPont refused, and he sued. He claims that by not reminding him of the 2010 date, DuPont breached its fiduciary duties of prudence and loyalty. DuPont has moved to dismiss.

## II. THE FIDUCIARY-DUTY CLAIMS SURVIVE

Retirement-plan administrators owe fiduciary duties to their beneficiaries. They owe a duty of prudence: to act "with the care, skill, prudence, and diligence" that a "prudent man" would use in the same situation. 29 U.S.C. § 1104(a)(1)(B). And they

3

owe a duty of loyalty: to act "for the exclusive purpose[] of providing benefits to participants and their beneficiaries." §1104(a)(1)(A).

Moon has plausibly alleged that DuPont violated its fiduciary duties. *See Bell Atl. Corp. v. Twombly*, 550 US. 544, 555–56 (2007). A loyal and prudent fiduciary may not "materially mislead those to whom the duties … are owed." *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 57 F.3d 1255, 1261 (3d Cir. 1995). This duty not to mislead may include an "affirmative duty … to provide fund participants with relevant information regarding existing benefits." *Mushalla v. Teamsters Local No. 863 Pension Fund*, 300 F.3d 391, 398 (3d Cir. 2002). The scope of this duty is an issue of fact. *Jordan v. Fed. Express Corp.,* 116 F.3d 1005, 1016 (3d Cir. 1997) ("[T]here is an issue of fact here whether the plan administrator breached its duty to inform [a participant] … [of] a restriction before he made his irrevocable election.").

It is plausible that DuPont misled Moon. Though the company told him about the 2010 date, it allegedly did so only once, a decade early. Meanwhile, it mentioned the irrelevant 2017 date more times. A fiduciary might mislead a participant by selectively omitting important details. *Jordan*, 116 F.3d at 1016–17. DuPont may have done that here. Plus, the one time that DuPont did mention the 2010 date, it barely explained the date's significance. It is plausible that a prudent fiduciary would have realized that Moon did not get the message and would have reminded him.

DuPont counters that it never lied to Moon and that it did mention the 2010 date once. It asserts that once fiduciaries tell participants about benefits, they have no duty to *remind* them. That is wrong: sometimes, an "employer's failure to advise" a

4

beneficiary of important information *can* be "a breach of its fiduciary duty even though the employer had previously provided the information in a written … notice." *Unisys*, 57 F.3d 1255, 1262 (discussing *Bixler v. Cent. Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300–02 (3d Cir. 1993)).

Finally, DuPont argues that Moon may sue not under 29 U.S.C. § 1132(a)(2), but only under (a)(3). D.I. 22, at 9–10. While this difference might affect the remedy, DuPont concedes that Moon can bring his fiduciary claims under § 1132(a)(3). *Id.* So I need not rule on this issue now.

DuPont may ultimately show that it had no duty to remind Moon of his benefits. But I cannot decide that on a motion to dismiss. Because Moon has pleaded enough to suggest that there was a duty, I will deny the motion.