# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M.P. Moon, individually and as representatives of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>E. I. du Pont de Nemours and Company,<br><br>Defendant. | Case No. 1:19-cv-01856-SB |

## PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

OF COUNSEL:

**MCKAY LAW, LLC**
Michael C. McKay (Pro Hac Vice)
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: mmckay@mckaylaw.us

**DELEEUW LAW LLC**
P. Bradford deLeeuw (Del. Bar No. 3569)
1301 Walnut Green Road
Wilmington, Delaware 19807
Telephone: (302) 274-2180
Facsimile: (302) 351-6905
Email: brad@deleeuwlaw.com

Plaintiff M.P. Moon ("Moon"), in accordance with Rule 23(e) of the Federal Rules of Civil Procedure, respectfully requests preliminary approval of a Class Action Settlement. Defendant E. I. du Pont de Nemours and Company ("DuPont") **does not oppose** this motion.

On October 2, 2019, Moon brought this action alleging that DuPont breached its fiduciary duties relating to the management, operation, and administration of the DuPont Pension and Retirement Plan (Title I) ("Plan"). (D.I. 1.) DuPont disputes these allegations. DuPont denies any alleged breach of fiduciary duty.

After nearly three years of litigation, motion practice, adversarial discovery, weeks of arm's length negotiations, and the assistance of the Honorable Diane M. Welsh (Ret.), who presided over an in-person mediation (which did not end in settlement but did help the parties' discussions progress), the parties agreed to settle the case. *See* Exhibit A (Settlement Agreement attached hereto).

Under the terms of the proposed Settlement, the Settlement Class is defined as follows:

> All Plan participants who (a) as of the last day of the Class Period have not been reported to the Plan administrator as deceased; (b) commenced receiving payment on or after October 1, 1999 or have terminated employment and are entitled to a future payment; (c) at the time of termination of employment had an earliest unreduced benefit commencement date ("EUBCD") that fell between the date of the termination of their employment and their Normal Retirement Date; and (d) did not commence receiving their retirement benefit as of their EUBCD.

The Class Period is from October 1, 1999 to the first day of the month the Court enters the Preliminary Approval Order in this Action.

The proposed Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case. Preliminary approval of the proposed Settlement is in the best interests of the Class Members. In return for a release of Moon's and Class Members' claims, DuPont has

1

agreed to pay a Gross Settlement Amount of $7,000,000. DuPont has further agreed to start providing an additional notice to Plan participants as they approach their EUBCD. The additional notice will help remind Plan participants of their ability to commence an unreduced retirement benefit as of their EUBCD.

At the preliminary approval stage, the Court is only required to determine whether the proposed settlement "falls within the range of possible approval" and "is reasonable enough to direct notice to the class." *In re Wilmington Trust Sec. Litig.*, No. 10-990, 2018 U. S. Dist. LEXIS 114132, at *13-14 (D. Del. July 9, 2018) (cleaned up). The proposed Settlement reached between the parties here more than satisfies this standard given the complex nature of the case and the excellent results obtained for the Settlement Class. Preliminary approval will not foreclose interested persons from objecting to the settlement and thereby presenting dissenting viewpoints to the Court in connection with the Fairness Hearing.

In support of preliminary approval, Moon submits a memorandum in support of this Motion and the Declaration of Moon's counsel, Michael McKay. Moon respectfully requests:

- That the Court, solely for settlement purposes, find that each element required for certification of the Settlement Class pursuant to Rule 23(a) and (b)(1) of the Federal Rules of Civil Procedure has been met;
- That the Court certify the Settlement Class for settlement purposes only;
- That the Court enter the Proposed Order on Plaintiff's Motion for Preliminary Approval of Class Action Settlement (attached hereto as Exhibit B);
- That the Court order that any objections to the Settlement be filed, with supporting documentation, at least twenty-eight (28) calendar days prior to the scheduled Fairness

Hearing, and order such objections, if any, to be served on counsel as set forth in the proposed Preliminary Approval Order and Settlement Notice;

- That the Court schedule a Fairness Hearing for no sooner than one hundred thirty (130) calendar days after the date the Court enters the Preliminary Approval Order, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate, (b) the Court should enter the Final Approval Order, and (c) the Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

- That following the Fairness Hearing, the Court enter an Order granting final approval of the Settlement and dismissing the Second Amended Complaint (D.I. 30) with prejudice.

DATED this 2nd day of September, 2022

By: */s/ P. Bradford deLeeuw*
deLeeuw Law, LLC
P. Bradford deLeeuw (#3569)
1301 Walnut Green Road
Wilmington, Delaware 19807
Telephone: (302) 274-2180
Facsimile: (302) 351-6905
Email: brad@deleeuwlaw.com

McKay Law, LLC
Michael C. McKay (Pro Hac Vice)
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Facsimile: (480) 348-3999
Email: mmckay@mckaylaw.us

*Attorneys for Plaintiff and the proposed Settlement Class*