# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M.P. MOON, individually and as representative of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan,<br><br>     Plaintiff,<br><br> v.<br><br> E.I. du Pont de Nemours and Company,<br><br>     Defendant. | C.A. No. 19-1856-SB |

## CLASS ACTION SETTLEMENT AGREEMENT

This Settlement Agreement is entered into between and among M.P. Moon, the "Class Representative," all Class Members, and E.I. du Pont de Nemours and Company ("DuPont").

1.     **ARTICLE 1 – RECITALS**

1.1     The Class Representative and Class Counsel consider it desirable and in the Class Members' best interests that the claims against DuPont and the Released Parties defined in Article 2.31 be settled on the terms set forth below, and they have concluded that such terms are fair, reasonable, and adequate and that this settlement will result in significant benefits to the Settlement Class defined in Article 2.34.

1.2     DuPont admits no wrongdoing or liability with respect to any of the allegations or claims raised in this Action, denies all liability to the Class Representative and the Settlement Class, and denies all of the claims made and all allegations of wrongdoing in this Action. DuPont further maintains that it acted prudently and loyally at all times when acting in any fiduciary capacity with respect to the DuPont Pension and Retirement Plan (Title I) (the "Plan"). This Settlement Agreement, and the discussions between the Settling Parties preceding it, shall in no

event constitute, be construed as, or be deemed to be evidence of, an admission or concession of fault or liability of any kind by DuPont or any Released Party.

1.3     To avoid the burdens, distractions, delays, risks, and uncertainty of further litigation, and after consulting with counsel and considering the facts and applicable law, the Settling Parties have concluded that it is desirable that this matter be finally settled upon the terms and conditions set forth in this Settlement Agreement.

1.4     Therefore, the Settling Parties, in consideration of the promises, covenants, and agreements herein described, acknowledged by each of them to be satisfactory and adequate, and intending to be legally bound, do hereby agree to the terms of this Settlement Agreement.

## 2.     ARTICLE 2 – DEFINITIONS

As used in this Settlement Agreement and the exhibits (as listed in Article 14.17), unless otherwise defined, the following terms have the meanings specified below:

2.1     "Action" or "Class Action" means the above-captioned litigation.

2.2     "Administrative Expenses" means expenses incurred in the administration of this Settlement Agreement, including (a) all fees, expenses, and costs associated with providing the Settlement Notice to the Settlement Class; (b) employment taxes related to the payment of the Net Settlement Amount; (c) all expenses and costs associated with facilitating the distribution of funds under the Plan of Allocation; (d) all fees and expenses associated with the Settlement Website and telephone support line described in Articles 13.2 and 13.3; (e) all other fees and expenses of the Settlement Administrator, the Escrow Agent, the Escrow Account, and the Settlement Fund, including escrow fees and Tax Expenses; and (f) all fees, expenses, and costs associated with providing notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715. Excluded from Administrative Expenses are DuPont's internal expenses and the

Settling Parties' respective legal expenses. Administrative Expenses shall be paid from the Settlement Fund.

**2.3**    "Aggregate Benefit Amount" means the sum of all the Individual Benefit Amounts.

**2.4**    "Attorneys' Fees and Costs" means the amount awarded by the Court as (a) compensation for the services provided by Class Counsel in connection with the Action; and (b) as reimbursement for costs and expenses incurred by Class Counsel in connection with the Action. The amount of attorneys' fees for Class Counsel shall not exceed one-third of the Gross Settlement Amount, i.e., $2,333,333, which, if awarded, shall be recovered from the Settlement Fund. The amount of costs and expenses incurred by Class Counsel shall not exceed $50,000, which, if awarded, shall be recovered from the Settlement Fund.

**2.5**    "Business Days" refers to the days between Monday and Friday of each week, and excludes the "Legal Holidays" specified in Federal Rule of Civil Procedure 6(a)(6).

**2.6**    "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711–1715.

**2.7**    "Class Counsel" means deLeeuw Law LLC and McKay Law, LLC.

**2.8**    "Class Members" or "Class" means all individuals in the Settlement Class.

**2.9**    "Class Period" means the period from October 1, 1999 to the first day of the month the Court enters the Preliminary Approval Order in this Action.

**2.10**    "Class Representative" means M.P. Moon.

**2.11**    "Class Representative Compensation" means the amount (not to exceed $25,000) awarded by the Court as compensation for the services provided by the Class Representative in the Action and the risks assumed by the Class Representative in the Action, which shall be paid from the Settlement Fund directly to the Class Representative.

**2.12**    "Court" means the United States District Court for the District of Delaware.

**2.13**    "DuPont" means E.I. du Pont de Nemours and Company—the defendant in the Action—and all of its past, present, or future members, investors, parents, subsidiaries, affiliates or related companies, successors, and predecessors, as well as its respective past, present, and future owners, officers, directors, agents, employees, successors, administrators, executors, partners, assigns, and insurers.

**2.14**    "DuPont's Counsel" means Ballard Spahr LLP.

**2.15**    "Effective Approval Order" means the Final Approval Order once it becomes Effective.

**2.16**    "Effective" means with respect to any judicial ruling, order, or judgment that the period for any motions for reconsideration, motions for rehearing, appeals, petitions for certiorari, or the like ("Review Proceeding") has expired without the initiation of a Review Proceeding, or, if a Review Proceeding has been timely initiated, that it has been fully and finally resolved, either by court action or by voluntary action of any party, without any possibility of a reversal, vacatur, or modification of any judicial ruling, order, or judgment, including the exhaustion of all proceedings in any remand or subsequent appeal and remand. The Settling Parties agree that absent an appeal or other attempted Review Proceeding, the Final Approval Order becomes Effective thirty-five (35) calendar days after its entry.

**2.17**    "Escrow Account" means the account with the Escrow Agent that holds the Settlement Fund.

**2.18**    "Escrow Agent" means the bank into which the Gross Settlement Amount shall be deposited and maintained as set forth in Article 5 of this Agreement.

**2.19**    "EUBCD" means earliest unreduced benefit commencement date.

**2.20**    "Fairness Hearing" means the hearing scheduled by the Court to consider (a) any objections from Class Members to the Settlement Agreement; (b) Class Counsel's request for Attorneys' Fees and Costs, and Administrative Expenses, and the Class Representative's request for Class Representative Compensation; and (c) whether to finally approve the Settlement pursuant to Federal Rule of Civil Procedure 23.

**2.21**    "Final Approval" means the entry of the Final Approval Order.

**2.22**    "Final Approval Order" means the order and final judgment approving the Settlement Agreement, implementing the terms of this Settlement Agreement, and dismissing the Class Action with prejudice. A copy of the Final Approval Order to be submitted to the Court is attached as Exhibit 4.

**2.23**    "Gross Settlement Amount" means the sum of seven million dollars ($7,000,000).

**2.24**    "Individual Benefit Amount" means the estimated amount of additional monthly benefits each Class Member would have received had they commenced receiving their retirement benefit as of their EUBCD. This amount will be calculated by first determining the number of months from the Class Member's EUBCD to the earliest of (a) the date they commenced receiving their benefit, (b) their Normal Retirement Date, or (c) the end of the Class Period. For Class Members who commenced receiving their retirement benefit at any time within the Class Period, their number of months will be multiplied by the monthly amount they received as of their benefit commencement date. For Class Members who have not commenced receiving their retirement benefit as of the end of the Class Period, their number of months will be multiplied by the amount of their monthly accrued benefit. For purposes of this Settlement Agreement only, the Class Representative shall be considered to have an EUBCD of 7/1/2010.

**2.25**     "Net Settlement Amount" means the Gross Settlement Amount plus any interest earned (or negative interest) thereon and minus: (a) all Attorneys' Fees and Costs approved by the Court; (b) the Class Representative Compensation approved by the Court; and (c) all Administrative Expenses approved by the Court.

**2.26**     "Normal Retirement Date" means the first day of the calendar month after the Class Member's 65th birthday.

**2.27**     "Plan" means the DuPont Pension and Retirement Plan (Title I).

**2.28**     "Plan of Allocation" means the methodology for allocating and distributing the Net Settlement Amount pursuant to Article 6.

**2.29**     "Preliminary Approval Order" means the order approved by the Court in connection with the Motion for Preliminary Approval of Class Action Settlement. A copy of the [Proposed] Preliminary Approval Order to be submitted to the Court is attached as Exhibit 3.

**2.30**     "Released Claims" means any and all actual or potential claims, actions, demands, rights, obligations, liabilities, damages, attorneys' fees, expenses, costs, and causes of action, including both known and unknown claims, whether class, derivative, or individual in nature against any of the Released Parties and DuPont's Counsel:

**2.30.1**  That were asserted or could have been asserted in this Action, or that arise out of, relate to, are based on, or have any connection with, or could have been based on any of the allegations, acts, omissions, purported conflicts, representations, misrepresentations, facts, events, matters, transactions or occurrences that are, were, or could have been alleged, asserted, or set forth in the Action that arise out of, relate in any way to, are based on, or have any connection with: (a) the overall structure, management, or monitoring of the Plan, (b) the selection, monitoring, oversight, retention, fees,

expenses, or performance of the Plan's service providers, (c) fees, costs, or expenses charged to, paid, or reimbursed by the Plan, (d) disclosures or failures to disclose information regarding the Plan's terms or service providers, (e) the selection of vendors and providers for the Plan, (f) the services provided to the Plan or the costs of those services, (g) any alleged breach of the duty of loyalty, care, prudence, or any other fiduciary duties by DuPont, the Plan, or the Released Parties, (h) engaging in self-dealing or prohibited transactions in relation to services provided to or for the Plan, (i) any claims for benefits under the Plan, or (j) any assertions with respect to any fiduciaries of the Plan (or the selection or monitoring of those fiduciaries) in connection with the foregoing; or

**2.30.2**  That would be barred by res judicata based on entry by the Court of the Final Approval Order; or

**2.30.3**  That relate to the direction to calculate, the calculation of, and/or the method or manner of allocation of the Settlement Fund pursuant to the Plan of Allocation.

**2.31**     "Released Parties" means (a) DuPont and its insurers; (b) DuPont's past, present, and future parent corporation(s); (c) DuPont's past, present, and future affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, and assigns; (d) with respect to (a) through (c) above, each of their respective boards of directors and managers, past, present, and future members of the boards of directors, boards of trustees, officers, trustees, directors, partners, agents, managers, members, shareholders (in their capacity as such), affiliates, subsidiaries, divisions, joint ventures, predecessors, successors, successors-in-interest, assigns, employees, independent contractors, representatives, attorneys, administrators, fiduciaries, insurers, co-insurers, reinsurers, accountants, auditors, advisors, consultants, personal

representatives, spouses, heirs, executors, administrators, associates, employee benefit plan

fiduciaries, administrators, service providers (including their owners and employees), members

of their immediate families, consultants, subcontractors, and all persons acting under, by,

through, or in concert with any of them; (e) the Plan and its predecessors and successors; and

(f) each of the Plan's fiduciaries, administrators, trustees, and service providers. Released Parties

are intended third party beneficiaries of this Settlement Agreement and are entitled to enforce its

terms.

**2.32**    "Settlement" or "Settlement Agreement" refers to the agreement embodied in this

agreement and its exhibits.

**2.33**    "Settlement Administrator" means American Legal Claim Services, LLC, an

independent contractor to be retained by Class Counsel and approved by the Court for purposes

of sending the Settlement Notice to the Class, establishing the Settlement Website and telephone

support line, and otherwise administering the Settlement as provided in this Settlement

Agreement.

**2.34**    "Settlement Class" means the following class to be certified by the Court:

All Plan participants who (a) as of the last day of the Class Period have not been
reported to the Plan administrator as deceased; (b) commenced receiving payment
on or after October 1, 1999 or have terminated employment and are entitled to a
future payment; (c) at the time of termination of employment had an EUBCD that
fell between the date of the termination of their employment and their Normal
Retirement Date; and (d) did not commence receiving their retirement benefit as of
their EUBCD.

**2.35**    "Settlement Effective Date" means the date on which the Final Approval Order

becomes Effective, provided that by such date the Settlement has not been terminated or

rescinded pursuant to Article 12.

**2.36**    "Settlement Fund" means the fund held in the Escrow Account to be established

and maintained by the Escrow Agent pursuant to Article 5 herein.

2.37    "Settlement Notice" means the Notice of Class Action Settlement and Fairness

Hearing to be mailed by first-class mail by the Settlement Administrator to Class Members

following the Court's issuance of the Preliminary Approval Order, in substantially the form

attached hereto as Exhibit 1. The Settlement Notice shall also be emailed to each Class Member

for whom the Plan has an email address. The Settlement Notice shall inform Class Members of

all information required by Federal Rule of Civil Procedure 23 and Due Process, including their

right to object to the Settlement and to attend the Fairness Hearing to be held before the Court,

on a date to be determined by the Court, at which any Class Member satisfying the conditions set

forth in the Preliminary Approval Order and the Settlement Notice may be heard regarding:

(a) the terms of the Settlement Agreement; (b) Class Counsel's request for an award of

Attorneys' Fees and Costs and Administrative Expenses; and (c) any requested Class

Representative Compensation.

2.38    "Settlement Website" means the internet website established pursuant to

Article 13.2.

2.39    "Settling Parties" means DuPont and the Class Representative, on behalf of

himself and each of the Class Members.

3.    **ARTICLE 3 – PRELIMINARY SETTLEMENT APPROVAL AND NOTICE TO THE CLASS**

3.1    The Class Representative, through Class Counsel, shall promptly file with the

Court a motion seeking preliminary approval of this Settlement Agreement and class certification

for settlement purposes only, and for entry of the Preliminary Approval Order in the form

attached hereto as Exhibit 3. The Preliminary Approval Order to be presented to the Court, as to

the Action, shall, among other things:

**3.1.1**    Grant the motion to certify a non-opt-out class for settlement purposes only under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

**3.1.2**    Approve the text of the Settlement Notice for mailing and emailing to Class Members;

**3.1.3**    Order the Settlement Administrator to (a) mail by first-class mail a Settlement Notice to each Class Member identified by DuPont, and (b) email the Settlement Notice to each Class Member for whom the Plan has an email address;

**3.1.4**    Hold that mailing and emailing the Settlement Notice constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law;

**3.1.5**    Preliminarily enjoin each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns, from suing DuPont or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims;

**3.1.6**    Provide that, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against DuPont or the Released Parties;

**3.1.7**    Set the Fairness Hearing for no sooner than one hundred thirty (130) calendar days after the date the Court enters the Preliminary Approval Order, in order to determine whether (a) the Court should approve the Settlement as fair, reasonable, and adequate, (b) the Court should enter the Final Approval Order, and (c) the Court should approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation;

**3.1.8**    Provide that any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and DuPont's Counsel. To be filed validly, the objection and any supporting documents must be filed at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above;

**3.1.9**    Provide that any party may file a response to an objection by a Class Member no later than fourteen (14) calendar days prior to the scheduled Fairness Hearing; and

**3.1.10**  Provide that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court. In such circumstances, the new date shall be posted on the Settlement Website.

**3.2**    Within ten (10) calendar days of the Class Representative's filing of the Settlement Agreement and proposed Preliminary Approval Order, DuPont's Counsel shall

provide CAFA notices to the Attorney General of the United States and the Attorneys General of all states in which Class Members reside, as specified by 28 U.S.C. § 1715.

3.3     Within forty-five (45) calendar days of the Preliminary Approval Order, or by such other deadline as specified by the Court, the Settlement Administrator shall cause to be sent to each Class Member identified by DuPont a Settlement Notice in the form and manner to be approved by the Court, which shall be in substantially the form attached hereto as Exhibit 1, or a form subsequently agreed to by the Settling Parties and approved by the Court. The Settlement Notice shall be sent by (a) first-class mail, postage prepaid, to the last known address of each Class Member provided by DuPont through DuPont's Counsel, unless an updated address is obtained by the Settlement Administrator through its efforts to verify the last known addresses provided by DuPont, and (b) email to each Class Member for whom the Plan has an email address. The Settlement Administrator shall also post a copy of the Settlement Notice on the Settlement Website. The Settlement Administrator shall use commercially reasonable efforts to locate any Class Member whose Settlement Notice is returned and re-mail such documents one additional time.

3.4     No later than thirty (30) days before the Fairness Hearing, the Settlement Administrator shall file an Affidavit of Mailing setting forth its efforts to mail and email the Settlement Notice to Class Members, including efforts undertaken to ascertain new addresses for any Class Members whose initial Settlement Notices were returned as undeliverable.

3.5     The Settlement Administrator shall use the data provided by DuPont solely for the purpose of meeting its obligations as Settlement Administrator, and for no other purpose.

3.6     The Settling Parties shall have the right to approve a written protocol to be provided by the Settlement Administrator concerning how the Settlement Administrator will

maintain and store information provided to it in order to ensure that reasonable and necessary precautions are taken to safeguard the privacy and security of such information.

4.      **ARTICLE 4 – FINAL SETTLEMENT APPROVAL**

4.1      No later than fourteen (14) calendar days before the Fairness Hearing, Class Counsel shall submit to the Court a motion for entry of the Final Approval Order in the form approved by Class Counsel and DuPont and attached as Exhibit 4, which shall request approval by the Court of the terms of this Settlement Agreement and entry of the Final Approval Order in accordance with this Settlement Agreement. The Final Approval Order as proposed by the Settling Parties shall provide for the following, among other things, as necessary to carry out the Settlement consistent with applicable law:

4.1.1      For approval of the Settlement and the release of the Released Claims covered by this Settlement Agreement, adjudging the terms of the Settlement Agreement to be fair, reasonable, and adequate and directing the Settling Parties to take all necessary steps to effectuate the terms of the Settlement Agreement;

4.1.2      For a determination that mailing and emailing the Settlement Notice constituted the best notice practicable under the circumstances and that due and sufficient notice of the Fairness Hearing and the rights of all Class Members was provided, consistent with Federal Rule of Civil Procedure 23 and the requirements of Due Process;

4.1.3      For dismissal with prejudice of the Action and all Released Claims asserted therein whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, without costs to any of the Settling Parties other than as provided for in this Settlement Agreement;

4.1.4      That the Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns, shall

be (a) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged DuPont and the Released Parties from all Released Claims, and (b) barred and enjoined from suing DuPont or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections of such Class Members have been approved or allowed, and whether or not such Class Members ultimately cash the check for their *pro rata* share of the Net Settlement Amount;

      **4.1.5**    That the Class Representative and each Class Member shall release DuPont, DuPont's Counsel, Class Counsel, and the Released Parties from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Fund or Net Settlement Amount and from all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

      **4.1.6**    That all applicable CAFA requirements have been satisfied;

      **4.1.7**    That Class Counsel and DuPont shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member pursuant to the Plan of Allocation approved by the Court;

      **4.1.8**    That within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel

and DuPont's Counsel a list of each person who received a settlement payment and the amount of such payment; and

      **4.1.9**   The Court shall retain jurisdiction to enforce and interpret the Settlement Agreement and to approve the payment from the Settlement Fund of any additional settlement administration expenses.

**4.2**      The Final Approval Order and judgment entered by the Court approving the Settlement Agreement shall provide that upon becoming Effective, all Settling Parties and Class Members shall be bound by the Settlement Agreement and by the Final Approval Order.

**5.**      **ARTICLE 5 – THE SETTLEMENT FUND**

**5.1**      The Gross Settlement Amount ($7,000,000) shall be wire transferred by DuPont or its designee to the Escrow Agent no later than ten (10) business days after entry of the Preliminary Approval Order.

**5.2**      The Escrow Agent shall place the Gross Settlement Amount in the Escrow Account. The money held in the Escrow Account is the Settlement Fund. The Settlement Fund is intended to constitute a "qualified settlement fund" within the meaning of § 1.468B-1 of the Treasury Regulations promulgated under the U.S. Internal Revenue Code of 1986, as amended ("Treasury Regulations"). The following terms apply to the Settlement Fund:

      **5.2.1**   The Settlement Fund must be invested in instruments secured by the full faith and credit of the United States or an interest-bearing deposit obligation of the Escrow Agent insured by the Federal Deposit Insurance Corporation to the applicable limits, and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund.

**5.2.2**   DuPont shall be the "transferor" to the Settlement Fund within the meaning of § 1.468B-1(d)(1) of the Treasury Regulations with respect to the Gross Settlement Amount to be transferred to the Settlement Fund.

**5.2.3**   The Settlement Administrator shall be the "administrator" of the Settlement Fund within the meaning of § 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the Settlement Fund, paying from the Settlement Fund any taxes owed by or with respect to the Settlement Fund, and complying with any applicable information reporting or tax withholding requirements imposed by § 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the Settlement Fund. The Settlement Administrator shall promptly take all steps necessary so that the Settlement Fund qualifies as a "qualified settlement fund" within the meaning of § 1.468B-1 of the Treasury Regulations. DuPont and the Settlement Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a "qualified settlement fund," including any relation-back election within the meaning of § 1.468B-1(j) of the Treasury Regulations. The Settlement Administrator shall promptly provide an IRS Form W-9 of the Settlement Fund to DuPont and in any event shall do so prior to any payment or deposit of the Settlement Fund pursuant to this Agreement.

**5.3**   DuPont and DuPont's Counsel shall have no liability, obligation, or responsibility with respect to the investment, disbursement, disposition, taxes (including tax payments, withholding or reporting), distribution or other administration or oversight of the Settlement Fund and shall have no liability, obligation, or responsibility with respect to any liability,

obligation, or responsibility of the Escrow Agent or Settlement Administrator, including, but not limited to, liabilities, obligations, or responsibilities arising in connection with the investment, disbursement, or other administration of the Settlement Fund.

5.4     Subject to Court approval, disbursements for any Administrative Expenses incurred in connection with the costs of notice and administration of the Settlement Fund by the Settlement Administrator shall be made from the Escrow Account upon written notice to the Escrow Agent by Class Counsel of such payments and expenses. Any such disbursements will be deducted and paid from the Settlement Fund.

5.5     Notwithstanding anything to the contrary in this Settlement Agreement, in no event shall DuPont be required to make payments or incur any expenses in excess of the Gross Settlement Amount.

5.6     The Settlement Administrator shall not disburse, or cause to be disbursed, the Settlement Fund or any portion thereof except as provided in this Settlement Agreement, in an order of the Court, or in a subsequent written stipulation between Class Counsel and DuPont's Counsel. Subject to the orders of the Court, the Settlement Administrator is authorized to execute such transactions as are consistent with the terms of this Settlement Agreement.

5.7     After the Settlement Effective Date, the Settlement Administrator shall cause the Settlement Fund to be distributed as follows:

5.7.1     First, within five (5) Business Days of the Settlement Effective Date, all Administrative Expenses approved by the Court shall be paid.

5.7.2     Second, within ten (10) business days of the Settlement Effective Date, (a) any Class Representative Compensation approved by the Court shall be paid to the Class Representative; (b) all Attorneys' Fees and Costs approved by the Court shall be

paid to Class Counsel; and (c) the Net Settlement Amount shall be distributed to Class

Members pursuant to the Plan of Allocation.

6.      **ARTICLE 6 – PLAN OF ALLOCATION**

 **6.1** After the Settlement Effective Date, the Settlement Administrator shall cause the

Net Settlement Amount to be allocated and distributed to Class Members as set forth herein and

as ordered by the Court.

 **6.2** Class Members will not be required to submit a claim form to receive a settlement

payment, but instead Class Members will automatically be sent their settlement payments in

check form.

 **6.3** **Calculation of Settlement Payments.** Payments to Class Members shall be

calculated as follows, based on information maintained and provided by DuPont or the Plan:

  **6.3.1** DuPont shall calculate the Individual Benefit Amount for each Class

Member. DuPont will then total the Individual Benefit Amounts to calculate the

Aggregate Benefit Amount.

  **6.3.2** Each Class Member will be assigned a *pro rata* share of the Net

Settlement Amount. The percentage of the Net Settlement Amount that each Class

Member will receive will be calculated using the Class Member's Individual Benefit

Amount as the numerator and the Aggregate Benefit Amount as the denominator.

  **6.3.3** Neither DuPont, DuPont's Counsel, Class Counsel, the Class

Representative, the Settlement Administrator, nor the Released Parties shall have any

responsibility for or liability whatsoever with respect to the Plan of Allocation upon

approval by the Court, including, but not limited to, the determination of the Plan of

Allocation or the reasonableness of the Plan of Allocation.

6.4     DuPont will provide the Settlement Administrator with all information necessary to complete this Plan of Allocation, including the amount of each Class Member's *pro rata* share of the Net Settlement Amount.

6.5     Within twenty-eight (28) days of completing all aspects of this Plan of Allocation, the Settlement Administrator shall send to Class Counsel an affidavit stating the name of each Class Member to whom the Settlement Administrator made a distribution from the Net Settlement Amount, together with the amount of the distribution, the date of distribution, the amount of tax withholdings, and the date of remittance of tax withholdings to the appropriate tax authority, if applicable.

6.6     The Settling Parties acknowledge that any payments to Class Members may be subject to applicable tax laws. DuPont, the Released Parties, DuPont's Counsel, Class Counsel, the Settlement Administrator, and the Class Representative will provide no tax advice to the Class Members and make no representation regarding the tax consequences of any of the settlement payments described in this Settlement Agreement. To the extent that any portion of any settlement payment is subject to income or other tax, the recipient of the payment shall be responsible for payment of such tax. Deductions will be made and reporting will be performed as required by law in respect of all payments made under the Settlement Agreement.

6.7     Each Class Member who receives a payment under this Settlement Agreement shall be fully and ultimately responsible for payment of any and all federal, state, or local taxes resulting from or attributable to the payment received by such person. Each Class Member shall hold DuPont, the Released Parties, DuPont's Counsel, Class Counsel, the Class Representative, and the Settlement Administrator harmless from any tax liability, including penalties and interest, related in any way to payments under the Settlement Agreement, and shall hold DuPont,

the Released Parties, DuPont's Counsel, Class Counsel, the Class Representative, and the Settlement Administrator harmless from the costs (including, for example, attorneys' fees and disbursements) of any proceedings (including, for example, investigation and suit), related to such tax liability.

**6.8**     All checks issued pursuant to this Plan of Allocation shall expire one hundred twenty (120) calendar days after their issue date and will automatically be cancelled if not cashed within that time. Class Members have no right to or interest in any settlement payment unless and until they cash their check.

**6.9**     The Settlement Administrator will attempt to reach any Class Members who were sent a check but did not cash the check within ninety (90) calendar days after the issue date. For each such Class Member for whom the Plan has a telephone number, the Settlement Administrator will make this attempt by telephone. For each such Class Member for whom the Plan does not have a telephone number, the Settlement Administrator will attempt to reach them by email (if the Plan has their email address) or mail. The Settlement Administrator will resend checks to any Class Members who so request (after first stopping payment on the original check), so long as the request is made prior to the expiration date of their original check (i.e., one hundred twenty (120) calendar days after the issue date on their original check).

**6.10**     The Settling Parties do not anticipate significant (if any) undeliverable or uncashed checks given the up-to-date address information the Plan maintains for participants, each of whom is predisposed to update their address with the Plan in order to ensure receipt of their pension payments and related communications.

**6.11**     To the extent there are any Net Settlement Amount funds associated with checks that remain undelivered despite follow-up efforts by the Settlement Administrator to locate a

missing Class Member or checks that are not cashed before their expiration date, they shall be transmitted by the Settlement Administrator to a cy pres beneficiary. The cy pres beneficiary selected by the Settling Parties is the Delaware Community Legal Aid Society, Inc. Delaware Community Legal Aid Society, Inc. is a non-profit law firm and community education organization that, through its Elder Law Program, provides free legal assistance to Delawareans aged 60 or older for issues commonly faced by older citizens, including benefits issues.

7.    **ARTICLE 7 – TAXES**

7.1    Class Counsel shall be solely responsible for directing the Settlement Administrator to file all informational and other tax returns necessary to report any taxable and/or net taxable income earned by the Settlement Fund. Further, Class Counsel shall be solely responsible for directing the Escrow Agent to make any tax payments, including interest and penalties due, on interest earned by the Settlement Fund ("Tax Expenses"). Class Counsel shall be entitled to direct the Escrow Agent in writing to pay customary and reasonable Tax Expenses, including reasonable professional fees and expenses incurred in connection with carrying out their responsibilities as set forth in this Article, from the Settlement Fund by notifying the Escrow Agent in writing. DuPont shall have no responsibility to make any tax filings or tax payments relating to this Agreement or the Settlement Fund.

7.2    For the purpose of Treasury Regulation § 1.468B, the "administrator" of the Settlement Fund shall be the Settlement Administrator, who shall timely and properly file or cause to be filed on a timely basis, all tax returns necessary or advisable with respect to the Settlement Fund (including without limitation all income tax returns, all informational returns, and all returns described in Treasury Regulation § 1.468B-2).

7.3    The Settling Parties and their Counsel shall treat, and shall cause the Settlement Administrator to treat the Settlement Fund as being at all times a "qualified settlement fund"

within the meaning of Treasury Regulation § 1.468B-1. In addition, the Settlement Administrator and, as required, the Settling Parties, shall timely make such elections as necessary or advisable to carry out the provisions of this Article, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1(j)) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Settlement Administrator to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties and thereafter to cause the appropriate filing to occur. All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.

## 8.   ARTICLE 8 – ADDITIONAL NOTICE OF EUBCD

**8.1**    On or before December 31, 2022, the Plan will start providing an additional notice to terminated Plan participants who have not yet commenced receiving their benefit, have an EUBCD that falls between the date of the termination of their employment and their Normal Retirement Date, and are approaching their EUBCD. The additional notice will be sent to such Plan participants approximately sixty (60) days before their EUBCD. DuPont agrees to provide this additional notice at least through December 31, 2027.

## 9.   ARTICLE 9 – ATTORNEYS' FEES AND COSTS, CLASS REPRESENTATIVE COMPENSATION, AND ADMINISTRATIVE EXPENSES

**9.1**    Class Counsel may file a motion for an award of Attorneys' Fees and Costs at least twenty-eight (28) days before the Fairness Hearing, which may be supplemented thereafter. Class Counsel will seek attorneys' fees equal to one-third of the Gross Settlement Amount and no more than $50,000 in costs. At the same time, the Class Representative may also seek an award of Class Representative Compensation of up to $25,000. Any such awards shall be paid

from the Settlement Fund. DuPont shall have no independent responsibility or liability for any amounts awarded by the Court.

**9.2**    Subject to Court approval, the Settlement Administrator will transmit up to one-third ($2,333,333) of the Gross Settlement Amount for attorneys' fees plus reimbursement of all costs incurred by Class Counsel (not to exceed $50,000) to Class Counsel from the Settlement Fund. DuPont agrees not to oppose an attorney fee and costs request in that amount.

**9.3**    Subject to Court approval, the Settlement Administrator will transmit up to $25,000 of the Settlement Fund as Class Representative Compensation. DuPont agrees not to oppose Class Representative Compensation in that amount.

**9.4**    Regarding Administrative Expenses, this Settlement Agreement does not purport to establish a presumptively reasonable amount, and DuPont will take no position with the Court regarding Administrative Expenses, which shall be paid from the Settlement Fund.

## 10.    ARTICLE 10 – RELEASE AND COVENANT NOT TO SUE

**10.1**    As of the Settlement Effective Date, the Class Representative and all Class Members (and their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns), shall be deemed to have fully, finally, and forever settled, released, relinquished, waived, and discharged DuPont and all Released Parties from the Released Claims, regardless of whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections of such Class Members have been approved or allowed.

**10.2**    The Class Representative, Class Counsel, or the Class Members may hereafter discover facts in addition to or different from those that they know or believe to be true with respect to the Released Claims. Such facts, if known by them, might have affected the decision to settle with DuPont, or the decision to release, relinquish, waive, and discharge the Released

Claims, or the decision of a Class Member not to object to the Settlement. Notwithstanding the foregoing, each Class Member shall expressly, upon the Settlement Effective Date, be deemed to have, and by operation of the Effective Approval Order, shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged any and all Released Claims. The Class Members acknowledge and shall be deemed by operation of the Effective Approval Order to have acknowledged that the foregoing waiver was bargained for separately and is a key element of the Settlement embodied in this Settlement Agreement.

**10.3**    The Class Representative and Class Members hereby stipulate and agree with respect to any and all Released Claims that, upon the Settlement Effective Date, the Class Members shall be conclusively deemed to, and by operation of the Effective Approval Order shall, settle, release, relinquish, waive and discharge any and all rights or benefits they may now have, or in the future may have, under any law relating to the releases of unknown claims pertaining specifically to Section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Also, the Class Representative and Class Members shall upon the Settlement Effective Date, with respect to the Released Claims, waive any and all provisions, rights, and benefits conferred by any law or of any State or territory within the United States or any foreign country, or any principle of common law, which is similar, comparable, or equivalent in substance to Section 1542 of the California Civil Code.

**11.    ARTICLE 11 – REPRESENTATIONS AND WARRANTIES**

**11.1**    The Settling Parties represent the following:

**11.1.1**  That they are voluntarily entering into this Settlement Agreement as a result of arm's length negotiations, and that in executing this Settlement Agreement they are relying solely upon their own judgment, belief, and knowledge, and upon the advice and recommendations of their own counsel, concerning the nature, extent, and duration of their rights and claims hereunder and regarding all matters that relate in any way to the subject matter hereof;

**11.1.2**  That they assume the risk of mistake as to facts or law;

**11.1.3**  That they recognize that additional evidence may come to light, but that they nevertheless desire to avoid the expense and uncertainty of litigation by entering into the Settlement;

**11.1.4**  That they have read carefully the contents of this Settlement Agreement, and this Settlement Agreement is signed freely by each individual executing this Settlement Agreement on behalf of each of the Settling Parties; and

**11.1.5**  That they have made such investigation of the facts pertaining to the Settlement and all matters pertaining thereto, as they deem necessary.

**11.2**    Each individual executing this Settlement Agreement on behalf of a Settling Party does hereby personally represent and warrant to the other Settling Parties that they have the authority to execute this Settlement Agreement on behalf of, and fully bind, each principal that each such individual represents or purports to represent.

## 12.   ARTICLE 12 – TERMINATION, CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, AND CANCELLATION

**12.1**    The Settlement Agreement shall automatically terminate, and thereby become null and void with no further force or effect, if:

**12.1.1**  This Settlement Agreement is disapproved by the Court or fails to become Effective for any reason whatsoever; or

**12.1.2**  The Preliminary Approval Order or Final Approval Order is not entered by the Court in substantially the form submitted by the Settling Parties or is not entered in a form which is otherwise agreed to by the Settling Parties; or

**12.1.3**  The Settlement Class is not certified as defined herein or is certified in a form which is not otherwise agreed to by the Settling Parties; or

**12.1.4**  The Preliminary Approval Order or Final Approval Order is finally reversed on appeal, or is materially modified on appeal, and the Settling Parties do not agree to any such material modifications.

**12.2**  If the Settlement Agreement is terminated, deemed null and void, or has no further force or effect, then the Action, the Released Claims, the Class Representative, and the Settling Parties shall revert to their status as though the Settling Parties never entered into the Settlement Agreement, and the Parties agree that DuPont's stipulation to a Settlement Class shall not be used or relied upon by Plaintiff in support of a litigation class or in any other manner.

**12.3**  It shall not be deemed a failure to approve the Settlement Agreement if the Court denies, in whole or in part, Class Counsel's request for Attorneys' Fees and Costs or Class Representative Compensation or modifies any of the proposed orders relating to Attorneys' Fees and Costs or Class Representative Compensation accordingly.

**12.4**  In the event that the Settlement Agreement is terminated, Administrative Expenses incurred prior to the termination shall be split evenly and paid by Class Counsel, on the one hand, and DuPont, on the other hand.

13.    **ARTICLE 13 – SETTLEMENT WEBSITE AND OTHER COMMUNICATIONS RELATED TO THE SETTLEMENT**

**13.1**    Except as set forth explicitly below, the Settling Parties and Class Counsel agree to keep confidential all positions, assertions, and offers made during settlement negotiations relating to the Action and the Settlement Agreement, except that they may discuss the negotiations with the Class Members and the Settling Parties' tax, legal, and regulatory advisors, provided in each case that they (a) secure written agreements with such persons or entities that such information shall not be further disclosed, and (b) comply with this Article 13 in all other respects.

**13.2**    On or before the date that the Settlement Notices are mailed and emailed, the Settlement Administrator will establish a Settlement Website on which it will post the following documents or links to the following documents: the operative complaint in this Action, Settlement Agreement and exhibits thereto, Settlement Notice, Preliminary Approval Order, any other Court orders related to the Settlement, any amendments or revisions to these documents, and any other documents or information agreed upon by the Settling Parties in writing. When filed, the Settlement Administrator will also post or include links to the Motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation (and any documents submitted in support). No other information or documents will be posted on the Settlement Website unless agreed to in advance by the Settling Parties in writing. The Settlement Administrator will take down the Settlement Website ninety (90) days after the mailing of Settlement Checks to Class Members.

**13.3**    On or before the date that the Settlement Notices are mailed and emailed, the Settlement Administrator also shall arrange for a toll-free telephone call facility to be active during the period of time that the Settlement Website is active. The toll-free telephone call

facility will employ an interactive voice response system ("IVR system") to answer calls and provide pre-recorded information about the Settlement.

13.4    The Class Representative and Class Counsel agree that they will not at any time publicly disparage or encourage or induce others to publicly disparage DuPont or the Released Parties.

13.5    Other than necessary disclosures to the Court, Class Representative and Class Counsel shall not disclose the terms of the Settlement to the media, the press, on any website or form of social media, or generally to the public. If Class Representative or Class Counsel receive any inquiries from the media or any individual, they will state that the Action has been resolved on the terms described in publicly filed documents. If Class Representative or Class Counsel are legally required to communicate about the Settlement with governmental authorities, they shall immediately notify counsel for DuPont.

14.    **ARTICLE 14 – GENERAL PROVISIONS**

14.1    The Settling Parties agree to cooperate fully with each other in seeking Court approvals of the Preliminary Approval Order and the Final Approval Order, and to do all things as may reasonably be required to effectuate preliminary and final approval and the implementation of this Settlement Agreement.

14.2    Within thirty (30) days of the Settlement Effective Date, the Settling Parties shall either return to the producing parties or destroy all documents, communications, or things produced in discovery under a claim of confidentiality, including but not limited to documents, communications, or things produced under a claim of privilege. Each Settling Party shall, upon request, serve a written notice to each producing party certifying that the Settling Party has carried out the obligations imposed by this Article 14.2. The Settling Parties, Class Counsel, and

DuPont's Counsel agree that at all times they will honor the requirements of the confidentiality order (D.I. 45), notwithstanding the settlement of the Action.

14.3     This Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, are not, and shall not be construed as, deemed to be, or offered or received as evidence of an admission by or on the part of DuPont or the Released Parties of any wrongdoing, fault, or liability whatsoever by DuPont or any Released Party, or give rise to any inference of any wrongdoing, fault, or liability or admission of any wrongdoing, fault, or liability in the Action or any other proceeding, and DuPont and Released Parties admit no wrongdoing or liability with respect to any of the allegations or claims in the Action. This Settlement Agreement, whether or not consummated, and any related negotiations or proceedings, shall not constitute admissions of any liability of any kind, whether legal or factual.

14.4     Neither DuPont, the Released Parties, the Class Representative, Class Counsel, nor DuPont's Counsel shall have any responsibility for or liability whatsoever with respect to (a) any act, omission, or determination of the Settlement Administrator, or any of its respective designees or agents; (b) the Plan of Allocation as approved by the Court; (c) the determination, administration, calculation, or payment of any amounts from the Settlement Fund; (d) the management, investment, or distribution of the Escrow Account; (e) any losses suffered by, or fluctuations in the value of, the Escrow Account; or (f) the payment or withholding of any taxes, expenses, and/or costs incurred in connection with the taxation of the Escrow Account or tax reporting, or the filing of any returns. Further, neither DuPont, the Released Parties, nor DuPont's Counsel shall have any responsibility for, or liability whatsoever with respect to, any act, omission, or determination of Class Counsel in connection with the administration of the Settlement Fund or otherwise.

**14.5**    Only Class Counsel shall have standing to seek enforcement of this Settlement Agreement on behalf of the Class Representative and Class Members. Any individual concerned about DuPont's compliance with this Settlement Agreement may so notify Class Counsel and direct any requests for enforcement to them. Class Counsel shall have the full and sole discretion to take whatever action they deem appropriate, or to refrain from taking any action, in response to such request. Any action by Class Counsel to monitor or enforce the Settlement Agreement shall be done without additional fee or reimbursement of expenses beyond the Attorneys' Fees and Costs determined by the Court.

**14.6**    This Settlement Agreement shall be interpreted, construed, and enforced in accordance with applicable federal law.

**14.7**    Class Counsel, DuPont's Counsel, the Settling Parties, and Class Members agree that any and all disputes concerning compliance with the Settlement Agreement shall be exclusively resolved as follows:

> **14.7.1**  If Class Counsel, DuPont's Counsel, a Settling Party, or a Class Member has reason to believe that a legitimate dispute exists concerning the Settlement Agreement, other than any and all disputes concerning compliance with Article 10, the Settling Party raising the dispute shall first promptly give written notice to the other Settling Party including in such notice: (a) a reference to all specific provisions of the Settlement Agreement that are involved; (b) a statement of the alleged non-compliance; (c) a statement of the remedial action sought; and (d) a brief statement of the specific facts, circumstances, and any other arguments supporting the position of the Settling Party raising the dispute;

**14.7.2**  Within ten (10) Business Days after receiving the notice described in Article 14.7.1, the receiving party shall respond in writing with its position and the facts and arguments it relies on in support of its position;

**14.7.3**  For a period of not more than ten (10) Business Days following mailing of the response described in Article 14.7.2, the Settling Parties shall undertake good-faith negotiations, which may include meeting in person or conferring by telephone, to attempt to resolve the dispute;

**14.7.4**  If the dispute is not resolved during the period described in Article 14.7.3, the parties shall conduct a mediation of the dispute on the earliest reasonably practicable date; provided, however, that the scope of such mediation shall be expressly limited to the dispute;

**14.7.5**  Within thirty (30) calendar days after the conclusion of the mediator's attempt to resolve the dispute (the date of the conclusion of the mediation shall be determined by agreement of the parties or by the mediator), if the dispute persists, the parties may address the dispute to the Court;

**14.7.6**  In any proceeding under this Article 14.7, each party shall bear its own fees and costs;

**14.8**    The Settling Parties agree that the Court has personal jurisdiction over the Class Representative, Class Members, and DuPont and shall retain that jurisdiction for purposes of enforcing the Settlement Agreement and resolving any disputes concerning compliance with the Settlement Agreement.

**14.9**    The Settlement Agreement may be executed by exchange of executed signature pages, and any signature transmitted by facsimile or email attachment of scanned signature pages

for the purpose of executing this Settlement Agreement shall be deemed an original signature for purposes of this Settlement Agreement. The Settlement Agreement may be executed in any number of counterparts, and each of such counterparts shall for all purposes be deemed an original, and all such counterparts shall together constitute the same instrument.

**14.10**   Each Settling Party acknowledges that they consulted with and obtained the advice of counsel prior to executing this Settlement Agreement and that this Settlement Agreement has been explained to that party by their counsel.

**14.11**   Any headings included in this Settlement Agreement are for convenience only and do not in any way limit, alter, or affect the matters contained in this Settlement Agreement or the Articles they caption. References to a person are also to the person's permitted successors and assigns, except as otherwise provided herein. Whenever the words "include," "includes," or "including" are used in this Settlement Agreement, they shall not be limiting but shall be deemed to be followed by the words "without limitation."

**14.12**   Before entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed by or on behalf of all Settling Parties. Following entry of the Preliminary Approval Order, this Settlement Agreement may be modified or amended only by written agreement signed on behalf of all Settling Parties and only if the modification or amendment is approved by the Court.

**14.13**   This Settlement Agreement and the exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Settlement other than those contained in this Settlement Agreement and the exhibits thereto.

**14.14**   The provisions of this Settlement Agreement may be waived only by an instrument in writing executed by the waiving party and specifically waiving such provisions. The waiver of any breach of this Settlement Agreement by any Settling Party shall not be deemed to be or construed as a waiver of any other breach or waiver by any other Settling Party, whether prior, subsequent, or contemporaneous, of this Settlement Agreement.

**14.15**   Each of the Settling Parties agrees, without further consideration, and as part of finalizing the Settlement hereunder, that it will in good faith execute and deliver such other documents and take such other actions as may be necessary to consummate and effectuate this Settlement Agreement.

**14.16**   All of the covenants, representations, and warranties, express or implied, oral or written, concerning the subject matter of this Settlement Agreement are contained in this Settlement Agreement. No Settling Party is relying on any oral representations or oral agreements. All covenants, representations, and warranties set forth in this Settlement Agreement shall be deemed continuing and shall survive the Settlement Effective Date.

**14.17**   All of the exhibits attached hereto are incorporated by reference as though fully set forth herein. The exhibits shall be: Exhibit 1 – Notice of Class Action Settlement and Fairness Hearing; Exhibit 2 – Form of CAFA Notices; Exhibit 3 – [Proposed] Order on Plaintiff's Motion for Preliminary Approval of Class Action Settlement; and Exhibit 4 – Final Judgment and Order of Dismissal.

**14.18**   No provision of the Settlement Agreement or of the exhibits attached hereto shall be construed against or interpreted to the disadvantage of any party to the Settlement Agreement because that party is deemed to have prepared, structured, drafted, or requested the provision.

SIGNED ON BEHALF OF CLASS REPRESENTATIVE M.P. MOON, Individually and as Representative of the Class Members.

Dated: _22 August 2022_                     _____
                                                                    M.P. Moon

Dated: _____               _____
                                                                    P. Bradford deLeeuw (Del. Bar No. 3569)
                                                                    DELEEUW LAW LLC
                                                                    1301 Walnut Green Road
                                                                    Wilmington, Delaware 19807
                                                                    Telephone: (302) 274-2180
                                                                    Email: brad@deleeuwlaw.com
                                                                    *Attorney for the Class Representative and the Class*

Dated: _____               _____
                                                                    Michael C. McKay (Pro Hac Vice)
                                                                    MCKAY LAW, LLC
                                                                    5635 N. Scottsdale Road, Suite 170
                                                                    Scottsdale, Arizona 85258
                                                                    Telephone: (480) 681-7000
                                                                    Email: mmckay@mckaylaw.us
                                                                    *Attorney for the Class Representative and the Class*

SIGNED ON BEHALF OF CLASS REPRESENTATIVE M.P. MOON, Individually and as Representative of the Class Members.

Dated: _____

M.P. Moon

Dated: _____*8/25/22*_____

P. Bradford deLeeuw (Del. Bar No. 3569)
DELEEUW LAW LLC
1301 Walnut Green Road
Wilmington, Delaware 19807
Telephone: (302) 274-2180
Email: brad@deleeuwlaw.com
*Attorney for the Class Representative and the Class*

Dated: _____8/23/22_____

Michael C. McKay (Pro Hac Vice)
MCKAY LAW, LLC
5635 N. Scottsdale Road, Suite 170
Scottsdale, Arizona 85258
Telephone: (480) 681-7000
Email: mmckay@mckaylaw.us
*Attorney for the Class Representative and the Class*

SIGNED ON BEHALF OF DUPONT

Dated: _8/24/22_

_____
Beth Moskow-Schnoll (No. 2900)
Brittany M. Giusini (No. 6034)
BALLARD SPAHR LLP
919 N. Market St., 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Email:  moskowb@ballardspahr.com
            giusinib@ballardspahr.com

OF COUNSEL:
David S. Fryman
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Email: frymand@ballardspahr.com

*Attorneys for Defendant E.I. du Pont de Nemours and Company*

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| M.P. MOON, individually and as representative of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan,<br><br>           Plaintiff,<br><br>     v.<br><br>E.I. du Pont de Nemours and Company,<br><br>           Defendant. | C.A. No. 19-1856-SB |

## NOTICE OF CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**This is a notice of a proposed class action settlement in the above-referenced lawsuit. A Court authorized this notice; this is not a solicitation from a lawyer.**

**Your legal rights may be affected if you are a member of the following settlement class:**

All DuPont Pension and Retirement Plan (Title I) (the "Plan") participants who (a) as of the last day of the Class Period have not been reported to the Plan administrator as deceased; (b) commenced receiving payment on or after October 1, 1999 or have terminated employment and are entitled to a future payment; (c) at the time of termination of employment had an earliest unreduced benefit commencement date ("EUBCD") that fell between the date of the termination of their employment and their Normal Retirement Date; and (d) did not commence receiving their retirement benefit as of their EUBCD.

## PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY.

- The Court has given its preliminary approval to a proposed settlement (the "Settlement") as a result of a class action lawsuit brought by a participant in the Plan against E.I. du Pont de Nemours and Company ("DuPont"), alleging violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). DuPont denies all claims, and nothing in the Settlement is an admission or concession on DuPont's part of any fault or liability whatsoever.

- The Settlement will provide, among other things, for the allocation of monies to Class Members. Each Class Member will automatically receive a check, which will be mailed to their last known address.

- The terms and conditions of the Settlement are set forth in the Class Action Settlement Agreement dated [MONTH DAY], 2022. Capitalized terms used in this Settlement Notice but not defined in this Settlement Notice have the meanings assigned to them in the Settlement Agreement. The Settlement Agreement is available at

[www.settlemementwebsite.com]. Certain other documents also will be posted on that website. You should visit that website if you would like more information about the Settlement or the lawsuit. All papers filed in this lawsuit are also available for review via PACER, at http://www.pacer.gov, and can also be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the District of Delaware, 844 North King St., Unit 18, Wilmington, DE 19801.

- Your rights and the choices available to you—and the applicable deadlines to act—are explained in this Settlement Notice. Please note that neither DuPont nor the Plan administrator may advise you as to what the best choice is for you or how you should proceed.

- The Court still has to decide whether to give its final approval to the Settlement. Payments under the Settlement will be made only if the Court finally approves the Settlement and that final approval is upheld in the event of any appeal.

- A Fairness Hearing will take place on [DATE], at [TIME], before the Honorable Stephanos Bibas at the [COURTHOUSE NAME], [ADDRESS], in [COURTROOM], to determine whether to grant final approval of the Settlement and approve the requested Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

- Any objections to the Settlement, or to the requested Attorneys' Fees and Costs, or Class Representative Compensation, must be served in writing on Class Counsel and DuPont's Counsel, as identified on page 7 of this Settlement Notice, no later than [DATE].

| YOUR LEGAL RIGHTS AND OPTIONS UNDER THE SETTLEMENT: | |
|---|---|
| **YOU CAN DO NOTHING** | Our records indicate that you are a Class Member. You do not need to do anything to receive your share of the Net Settlement Amount. If you do nothing, you will receive a check amounting to your share of the Net Settlement Amount and be bound by and will agree to all terms of the Settlement, including the release of claims as described below. |
| **YOU CAN OBJECT (NO LATER THAN [DATE])** | If you wish to object to any part of the Settlement, or to the requested Attorneys' Fees and Costs, or Class Representative Compensation, you must file an objection, explaining why you object, and any supporting documents with the Clerk of the Court and provide copies to Class Counsel and DuPont's Counsel (as identified on page 7 below). |
| **YOU CAN ATTEND A HEARING ON [DATE]** | You may also attend the Fairness Hearing on [DATE], but you may only speak at the Fairness Hearing if you file and serve a notice of intent to appear by [DATE]. You will not be permitted to make an objection if you do not comply with the requirements for making objections. |

**The Class Action**

The case is called *Moon v. E. I. du Pont de Nemours and Company*, Case No. 1:19-cv-01856 (D. Del.) (the "Class Action", "Action", or "lawsuit"). It has been pending since October 2, 2019. The Court supervising the case is the United States District Court for the District of Delaware. The individual who brought this lawsuit is called the Class Representative and the entity he sued is called the Defendant. The Class Representative's claims are described below and additional information about them is available at [www.settlementwebsite.com].

**The Settlement**

Following negotiations between Class Counsel and DuPont's Counsel, a Settlement has been reached. As part of the Settlement, DuPont has agreed to a Gross Settlement Amount of $7,000,000 to resolve the Class Action. The Net Settlement Amount—the amount to be allocated and distributed to Class Members—is $7,000,000, plus any interest accrued, minus any Administrative Expenses (including taxes and tax expenses), Court-approved Attorneys' Fees and Costs, and Class Representative Compensation. The Net Settlement Amount will be allocated to Class Members according to a Plan of Allocation to be approved by the Court and described in paragraph 5.

**Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation Sought in the Class Action**

Class Counsel has devoted many hours to investigating the facts, prosecuting the lawsuit, reviewing documents obtained from DuPont and third parties, taking other discovery, and negotiating the Settlement. During that time, they have advanced the costs necessary to pursue the case. Class Counsel took the risk of litigation and have not been paid for any of their time or for any of these costs throughout the time the case has been pending.

Class Counsel will apply to the Court for payment of Attorneys' Fees and Costs for their work in the case. The amount of attorneys' fees Class Counsel will request will not exceed one-third of the Gross Settlement Amount. The amount of costs Class Counsel will request will not exceed $50,000. Any Attorneys' Fees and Costs and Administrative Expenses of the Settlement Administrator awarded by the Court will be paid from the Settlement Fund.

Class Counsel also will ask the Court to approve payment, not to exceed $25,000, for the Class Representative who took on the risk of litigation, participated in the lawsuit, and committed to spend the time necessary to bring the case to conclusion. His activities also included assisting in the factual investigation of the case by Class Counsel, producing documents, testifying at a deposition, and giving overall support to the case. Any Class Representative Compensation awarded by the Court will be paid from the Settlement Fund.

A full and formal application for Attorneys' Fees and Costs, and Class Representative Compensation will be filed with the Court on or before [DATE]. This application will be made available at [www.settlementwebsite.com]. You may also obtain a copy of this application through PACER at http://www.pacer.gov, or by appearing in person during regular business hours at the Office of the Clerk of the United States District Court for the District of Delaware, 844 North King St., Unit 18, Wilmington, DE 19801.

| **1.** | **Why Did I Receive This Settlement Notice?** |
|---|---|

The Court caused this Settlement Notice to be sent to you because DuPont's records indicate that you are a Class Member. If you fall within the definition of the Class, you have a right to know about the Settlement and about all of the options available to you before the Court decides whether to give its final approval to the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, the Net Settlement Amount will be allocated among Class Members according to a Court-approved Plan of Allocation.

| **2.** | **What Is The Class Action About?** |
|---|---|

In the Class Action, the Class Representative claims that DuPont breached its ERISA fiduciary duties of prudence and loyalty owed to Plan participants by failing to adequately notify Plan participants when they are eligible for early unreduced retirement benefits from the Plan and by retaining the unclaimed benefits.

DuPont denies all claims and asserts that it has always acted loyally, prudently, and in the best interests of Plan participants.

| **3.** | **Why Is There A Settlement?** |
|---|---|

The Court has not reached a final decision as to the merits of the Class Representative's claims. Instead, the Class Representative and DuPont have agreed to the Settlement. The Settlement is the product of extensive negotiations between the Class Representative, DuPont, and their respective counsel. The parties to the Settlement have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. The Class Representative and Class Counsel believe that the Settlement is best for all Class Members. Nothing in the Settlement Agreement is an admission or concession on DuPont's part of any fault or liability whatsoever. The Settlement has been entered into to avoid the uncertainty, expense, delays, and burden of additional litigation.

| **4.** | **What Does The Settlement Provide?** |
|---|---|

Under the Settlement, DuPont has agreed to a Gross Settlement Amount of $7,000,000 to resolve the claims of the Class. The Net Settlement Amount (which is the Gross Settlement Amount plus interest accrued and minus any Court-approved Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation) will be allocated to Class Members according to a Plan of Allocation to be approved by the Court (as explained further in paragraph 5 below). Allocations to Class Members will be distributed via checks mailed to their last known address.

In addition, the Settlement provides that on or before December 31, 2022, the Plan will start providing an additional notice to terminated Plan participants who have not yet commenced receiving their benefit, have an EUBCD that falls between the date of the termination of their employment and their Normal Retirement Date, and are approaching their EUBCD. The additional notice will be sent to these Plan participants approximately sixty (60) days before their EUBCD.

All Class Members will fully release the Plan as well as DuPont and the Released Parties from Released Claims. The governing releases are found within the Settlement Agreement at [www.settlementwebsite.com]. Generally, the release means that Class Members will not have the right to sue DuPont, the Plan, or related parties for conduct during the Class Period arising out of or relating to the allegations in the lawsuit. The entire Settlement Agreement is available at [www.settlementwebsite.com].

| 5. | How Much Will My Distribution Be? |
|---|---|

The amount, if any, that will be allocated to you will be based upon records maintained by DuPont or the Plan. Calculations regarding the individual distributions will be performed by DuPont, whose determinations will be final and binding, pursuant to the Court-approved Plan of Allocation.

To receive a distribution from the Net Settlement Amount, you must be a Plan participant who (a) as of the last day of the Class Period has not been reported to the Plan administrator as deceased; (b) commenced receiving payment on or after October 1, 1999 or has terminated employment and is entitled to a future payment; (c) at the time of termination of employment had an EUBCD that fell between the date of the termination of your employment and your Normal Retirement Date; and (d) did not commence receiving your retirement benefit as of your EUBCD.

The Net Settlement Amount will be divided *pro rata* among Class Members based on the estimated amount of additional monthly benefits each Class Member would have received had they commenced receiving their retirement benefit as of their EUBCD. This amount will be calculated by first determining the number of months from the Class Member's EUBCD to the earliest of (a) the date they commenced receiving their benefit, (b) their Normal Retirement Date, or (c) the end of the Class Period. For Class Members who commenced receiving their retirement benefit at any time within the Class Period, their number of months will be multiplied by the monthly amount they received as of their benefit commencement date. For Class Members who have not commenced receiving their retirement benefit as of the end of the Class Period, their number of months will be multiplied by the amount of their monthly accrued benefit. There are approximately 300 Class Members.

The Net Settlement Amount is the Gross Settlement Amount ($7,000,000) plus any interest earned (or negative interest) thereon and minus (a) all Attorneys' Fees and Costs approved by the Court, (b) the Class Representative Compensation approved by the Court, and (c) all Administrative Expenses approved by the Court. Class Counsel will file a motion for an award of Attorneys' Fees and Costs, and Class Representative Compensation at least 28 days before the Fairness Hearing. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for attorneys' fees to not more than one-third of the Gross Settlement Amount and will limit their application for reimbursement of costs incurred in the litigation to not more than $50,000. In addition, Class Counsel will seek compensation for the Class Representative of no more than $25,000. The Court will determine the amount of fees, costs, and Class Representative Compensation that will be awarded, if any. All papers filed in this Action, including Class Counsel's motion for Attorneys' Fees and Costs, and Class Representative Compensation, will be available for review via PACER at http://www.pacer.gov.

| **6.** | **How Can I Receive My Distribution?** |
|---|---|

**According to our records, you are a Class Member. Therefore, you do not need to do anything to receive a check for your share of the Settlement.** If the Settlement is approved by the Court, the Settlement Administrator will mail you a check for your share of the Net Settlement Amount. The check will be mailed to your last known address. You may contact the Settlement Administrator to confirm or update your mailing address. The Settlement Administrator may be contacted by phone at 904-517-1442 or by mail at American Legal Claim Services, LLC, PO Box 23650, Jacksonville, Florida 32241-3650. If you believe you are not a Class Member, please contact the Settlement Administrator and explain why you believe you are not a Class Member.

| **7.** | **When Will I Receive My Distribution?** |
|---|---|

The timing of the distribution of the Net Settlement Amount is conditioned on several matters, including the Court's final approval of the Settlement and any approval becoming final and no longer subject to any appeals in any court. An appeal of the Final Approval Order may take several years. If the Settlement is approved by the Court, and there are no appeals, the Settlement distribution likely will occur within two months of the Court entering the Final Approval Order. You can check the Settlement Website for updates about the status of the case.

**There will be no payments under the Settlement if the Settlement Agreement is not approved by the Court, or if the Settlement Agreement is terminated or rescinded.**

| **8.** | **Can I Get Out Of The Settlement?** |
|---|---|

No. If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself from the Settlement, but you may notify the Court of any objection you might have to the Settlement. If the Court approves the Settlement, it will do so under Federal Rule of Civil Procedure 23(b)(1), which does not permit class members to opt out of the Settlement Class.

| **9.** | **Do I Have A Lawyer In The Case?** |
|---|---|

The Court has appointed the law firms deLeeuw Law LLC in Wilmington, Delaware and McKay Law, LLC in Scottsdale, Arizona as Settlement Class Counsel in the Class Action. If you want to be represented by your own lawyer, you may hire one at your own expense.

| **10.** | **How Will The Lawyers Be Paid?** |
|---|---|

Class Counsel will file a motion for an award of Attorneys' Fees and Costs, and Class Representative Compensation at least 28 days prior to the Fairness Hearing. This motion will be considered at the Fairness Hearing. Class Counsel will limit their application for Attorneys' Fees to not more than one-third of the Gross Settlement Amount; Class Counsel will limit their application for reimbursements of costs incurred to $50,000. In addition, Class Counsel will seek compensation for the Class Representative of no more than $25,000. The Court will determine the amount of fees, costs, and Class Representative Compensation that will be awarded, if any. All

papers filed in this Action, including Class Counsel's motion for Attorneys' Fees and Costs, and Class Representative Compensation, will be available for review via PACER at http://www.pacer.gov.

| **11.** | **How Do I Tell The Court If I Don't Like The Settlement?** |
|---|---|

If you are a Class Member, you can object to the Settlement or the request by Class Counsel for attorneys' fees and costs or the request for Class Representative Compensation by filing a written objection and any papers submitted in support thereof with the Clerk of the Court, and sending copies to Class Counsel and to DuPont's Counsel at the addresses below. Your written objection must be filed with the Clerk of the Court at the United States District Court for the District of Delaware, 844 North King St., Room 4209, Wilmington, DE 19801, no later than [DATE] to be considered.

| CLASS COUNSEL | DUPONT'S COUNSEL |
|---|---|
| P. Bradford deLeeuw<br>DELEEUW LAW LLC<br>1301 Walnut Green Road<br>Wilmington, Delaware 19807 | David S. Fryman<br>BALLARD SPAHR LLP<br>1735 Market St., 51st Floor<br>Philadelphia, PA 19103 |
| Michael C. McKay<br>MCKAY LAW, LLC<br>5635 N. Scottsdale Road, Suite 170<br>Scottsdale, Arizona 85258 | |

| **12.** | **When And Where Will The Court Decide Whether To Approve The Settlement?** |
|---|---|

The Court will hold a Fairness Hearing on [DATE], at [TIME], before the Honorable Stephanos Bibas at the [COURTHOUSE NAME], [ADDRESS], in [COURTROOM]. At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court also will consider the motion for Attorneys' Fees and Costs, and Class Representative Compensation. If there are objections, the Court will consider them then.

| **13.** | **Do I Have To Attend The Fairness Hearing?** |
|---|---|

No, but you are welcome to come at your own expense. You may also make an appearance through an attorney. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time, the Court will consider it.

| **14.** | **May I Speak At The Fairness Hearing?** |

Yes, but you may only speak at the Fairness Hearing if you file and serve a notice of intent to appear by [DATE], and you must comply with the requirements for making an objection (set forth above) if you wish to object.

| **15.** | **What Happens If I Do Nothing At All?** |

**If you do nothing, you will receive your *pro rata* share of the Net Settlement Amount, if the Settlement is finally approved. If you do nothing and the Settlement is finally approved, you will also be bound by and will agree to all terms of the Settlement, including the release of claims as described in the Settlement Agreement.**

| **16.** | **How Do I Get More Information?** |

If you have questions regarding the Settlement, you can visit [www.settlementwebsite.com], call 904-517-1442, or write to American Legal Claim Services, LLC, PO Box 23650, Jacksonville, Florida 32241-3650. All papers filed in this lawsuit are also available for review via PACER at http://www.pacer.gov, and can be reviewed in person during regular business hours at the Office of the Clerk of the United States District Court for the District of Delaware, 844 North King St., Unit 18, Wilmington, DE 19801.

# EXHIBIT 2

[BALLARD SPAHR LETTERHEAD]

_____, 2022

<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<Address3>>
<<City>>, <<St>> <<Zip>>

Re:     *Moon v. E. I. du Pont de Nemours and Company*,
        Case No. 1:19-cv-01856 (D. Del.)
        <u>Notice Pursuant to 28 U.S.C. § 1715</u>

Dear Sir or Madam:

We are writing on behalf of Defendant E. I. du Pont de Nemours and Company ("DuPont") in the above-captioned action (the "*Moon* Action"), to provide your office with this notice under the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715. Pursuant to 28 U.S.C. § 1715, this notice is to inform you of a proposed class action settlement of the *Moon* Action, a lawsuit currently pending in the United States District Court for the District of Delaware (Bibas, J.), in which the plaintiff alleged that DuPont breached its fiduciary duties to Plan participants under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq.

Plaintiff filed a motion with the United States District Court for the District of Delaware on [DATE], 2022, requesting preliminary approval of the proposed settlement. The Court has not granted preliminary approval of the proposed settlement yet, nor has it scheduled a hearing for preliminary approval or final approval of the settlement.

In accordance with 28 U.S.C. § 1715(b), DuPont states as follows:

**(1)     The Operative Complaint and any materials filed with the Operative Complaint.**

The operative complaint in the *Moon* Action, as well as all attachments thereto, is contained on the enclosed CD in the folder labeled <u>Tab 1</u>. In addition, the operative complaint and all other pleadings and records filed in the *Moon* Action are available on the internet through the federal government's PACER service at https://ecf.ded.uscourts.gov/cgi-bin/DktRpt.pl?703641055842795-L_1_0-1. Additional information about the PACER service may be found at https://www.pacer.gov.

**(2)     Notice of any scheduled judicial hearing in the class action.**

As of the time and date of the transmittal of this notice, no judicial hearings are presently scheduled. Plaintiff in the *Moon* Action filed an unopposed motion for preliminary approval of the proposed class action settlement on [DATE]. The Court has not yet acted on the motion or set a hearing date. If any hearings are scheduled, information concerning

the date, time, and location of those hearings will be available through PACER and can be accessed as described in section (1) above.

**(3)     Any proposed or final notification to class members.**

The proposed form of direct notice to class members, which provides notice of the proposed settlement and each class member's right to object to the class action and their right to request exclusion from the settlement, is included on the enclosed CD in the folder labeled <u>Tab 2</u>.

**(4)     Any proposed or final class action settlement.**

The parties' proposed class action settlement agreement dated as of <mark>[DATE]</mark> ("Settlement Agreement"), is included on the enclosed CD in the folder labeled <u>Tab 3</u>. The Court has not yet granted preliminary or final approval of the settlement.

**(5)     Any settlement or other agreement contemporaneously made between class counsel and counsel for DuPont.**

There are no additional agreements between class counsel and counsel for DuPont, other than those reflected in the Settlement Agreement.

**(6)     A final judgment or notice of dismissal.**

No final judgment or notice of dismissal has yet been entered in the *Moon* Action. Upon entry, a copy of the Final Order and Judgment will be available through PACER and can be accessed as described in section (1) above.

**(7)     Estimate number of class members residing in each state and the estimated proportionate share of the claims of such members to the entire settlement.**

An estimate of the number of class members residing in each state and the estimated proportionate share of the claims of such class members to the entire settlement is included in <u>Tab 4</u> of the enclosed CD.

**(8)     Any written judicial opinion relating to the materials described in sections (3) through (6).**

No written judicial opinions have been issued relating to the proposed settlement as of this time.

Inasmuch as certain documents on the enclosed CD contain confidential information, it has been encrypted and password-protected. Decryption instructions and the password will be sent under separate cover.

Thank you for your attention to this matter.

Sincerely,

[NAME]

[TITLE]

Enclosures

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| |
|---|
| M.P. MOON, individually and as representative of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan, |
| Plaintiff, |
| v. |
| E.I. du Pont de Nemours and Company, |
| Defendant. |

C.A. No. 19-1856-SB

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arose out of claims alleging breaches of fiduciary duties and prohibited transactions against E. I. du Pont de Nemours and Company ("DuPont") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, with respect to its management, operation, and administration of the DuPont Pension and Retirement Plan (Title I) (the "Plan"). DuPont denies all of the claims and allegations of wrongdoing in this Action.

Presented to the Court for preliminary approval is a settlement of the litigation against DuPont. The terms of the Settlement are set out in a Class Action Settlement Agreement dated _____, 2022 (the "Settlement Agreement" or "Settlement"), executed by M.P. Moon (the "Class Representative"), Class Counsel, DuPont, and DuPont's Counsel (D.I. XX). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1

1.      **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A.      The proposed Settlement resulted from arm's length negotiations by experienced and competent counsel, including a mediation presided over by the Honorable Diane M. Welsh (Ret.);

B.      The Settlement was negotiated only after Plaintiff, Class Counsel, DuPont, and DuPont's Counsel engaged in years of litigation and had undergone extensive discovery;

C.      Class Counsel has submitted a declaration in support of the Settlement; and

D.      The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing and emailing of the Settlement Notice to Settlement Class Members, each as provided for in this Order. The Court further finds, on a preliminary basis, that the Plan of Allocation for allocating the Net Settlement Amount among Settlement Class Members is fair and reasonable.

2.      **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred thirty (130) calendar days after the date the Preliminary Order is filed] _____, 20___, at _____.m., in Courtroom ___ of the United States District Court for the District of Delaware, before the undersigned Judge, to determine, among other issues:

A.      Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

B.      Whether the Court should enter the Final Approval Order; and

C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

**3.      Settlement Administrator:** The Court approves and orders that American Legal Claim Services, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

**4.      Class Certification:** Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court hereby certifies for settlement purposes only the following Settlement Class (the "Class" or the "Settlement Class"):

> All Plan participants who (a) as of the last day of the Class Period have not been reported to the Plan administrator as deceased; (b) commenced receiving payment on or after October 1, 1999 or have terminated employment and are entitled to a future payment; (c) at the time of termination of employment had an earliest unreduced benefit commencement date ("EUBCD") that fell between the date of the termination of their employment and their Normal Retirement Date; and (d) did not commence receiving their retirement benefit as of their EUBCD.

The Class Period is from October 1, 1999 to the first day of the month the Court enters this Preliminary Approval Order. The Court appoints deLeeuw Law LLC and McKay Law, LLC as counsel for the Settlement Class. Further, the Court appoints M.P. Moon as representative for the Settlement Class.

Solely for settlement purposes, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class; and (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class. Solely for settlement purposes, the Court further finds that the requirements of Rule 23(b)(1)

have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Member(s) that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action, and adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

For settlement purposes, the Court hereby finds that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff is an adequate class representative and certifies him as Class Representative for the Settlement Class, and appoints the law firms of deLeeuw Law LLC and McKay Law, LLC as Class Counsel. Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class in terms of both litigating the claims of the Settlement Class and entering into and implementing the Settlement, and have satisfied all the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

**5.** **Class Notice:** The Settling Parties have presented to the Court the proposed form of notice regarding the Settlement for mailing and emailing to Class Members ("Settlement Notice").

A.   The Court approves the text of the Settlement Notice and finds that the proposed form and content therein fairly and adequately:

i   Summarizes the claims asserted;

ii   Describes the terms and effect of the Settlement;

iii   Notifies the Settlement Class that Class Counsel will seek compensation from the Gross Settlement Amount for Attorneys' Fees and Costs, and Class Representative's Compensation;

iv Gives notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

v Describes how the recipients of the Settlement Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, or Class Representative's Compensation.

B. The Settlement Administrator shall send by first-class mail the Settlement Notice to each Class Member identified by DuPont within forty-five (45) calendar days of the date of this Order (or by such other deadline as specified by the Court), as specified in the Settlement Agreement.

C. The Settlement Administrator shall also send by email the Settlement Notice to each Class Member identified by DuPont and for whom the Plan has an email address within forty-five (45) calendar days of the date of this Order (or by such other deadline as specified by the Court), as specified in the Settlement Agreement.

D. On or before the date the Settlement Notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement, and thereafter post a copy of the Settlement Notice and this Order on the Settlement Website.

E. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing and emailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

**6.** **Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns, are hereby barred

and enjoined from suing DuPont, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against DuPont, the Plan, or the Released Parties.

7.      **Objections to Settlement:** Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and DuPont's counsel. To be filed validly, the objection and any supporting documents must be filed at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above.

8.      **Responses to Objections and Final Approval Motion:** Any party may file a response to an objection by a Class Member no later than fourteen (14) calendar days prior to the Fairness Hearing, and Class Counsel shall submit to the Court a motion for entry of the Final Approval Order at least fourteen (14) calendar days before the Fairness Hearing.

9.      **Motion for Attorneys' Fees and Costs, and Class Representative Compensation:** Class Counsel's motion for an award of Attorneys' Fees and Costs must be filed at least twenty-eight (28) days before the Fairness Hearing, though it may be supplemented thereafter. If the Class Representative seeks Class Representative Compensation, he must do so at least twenty-eight (28) days before the Fairness Hearing.

10. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**IT IS SO ORDERED.**

Dated: _____     _____
                                        Hon. Stephanos Bibas
                                        United States Circuit Judge

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| M.P. MOON, individually and as representative of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan,<br><br>        Plaintiff,<br><br>    v.<br><br>E.I. du Pont de Nemours and Company,<br><br>        Defendant. | C.A. No. 19-1856-SB |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

Wherefore, this ____ day of _____, 20__, upon consideration of Plaintiff's Motion for

Final Approval of the Class Action Settlement (herein the "Settlement Agreement" or

"Settlement"), Plaintiff's Motion for Attorneys' Fees and Costs, and Class Representative

Compensation, in the above matter, the Court hereby orders and adjudges as follows:

1.      The Settlement Agreement, including the definitions contained therein, is

incorporated by reference in this Final Approval Order and Judgment.

2.      The Court has jurisdiction over the subject matter of this action and personal

jurisdiction over all parties to the action, including all members of the Settlement Class, and

expressly retains jurisdiction for purposes of enforcing this Final Approval Order and the

Settlement Agreement.

3.      Pursuant to Fed. R. Civ. P. 23(b)(1), the Court hereby finally certifies, for purposes

of effectuating the Settlement only, the following Settlement Class:

> All Plan participants who (a) as of the last day of the Class Period have not been
> reported to the Plan administrator as deceased; (b) commenced receiving payment
> on or after October 1, 1999 or have terminated employment and are entitled to a
> future payment; (c) at the time of termination of employment had an earliest
> unreduced benefit commencement date ("EUBCD") that fell between the date of

1

the termination of their employment and their Normal Retirement Date; and (d) did not commence receiving their retirement benefit as of their EUBCD.

The Class Period is from October 1, 1999 to [Court to insert the first day of the month it entered the Preliminary Approval Order]. The Court finds that, for purposes of effectuating the Settlement only, this Settlement Class meets all of the requirements of Rules 23(a) and 23(b)(1).

4.      The Court hereby confirms the appointment of deLeeuw Law LLC and McKay Law, LLC as Class Counsel and M.P. Moon as Class Representative.

5.      Pursuant to Rule 23(e), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

6.      The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

7.      The Court hereby awards $_____ to Class Counsel for fees and $_____ for costs, awards $_____ to the Class Representative for his service as class representative, and approves payment of $_____ as settlement administration expenses.

8.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, the Settlement Notice was timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. The Settlement Administrator searched for updated address information for those notices returned as undeliverable, and re-mailed notices to those Class Members. In total, XX% were mailed notices ultimately returned as undeliverable. Additionally, the Settlement Administrator distributed the Settlement Notice to the XX Class Members for whom the Plan had an email address. XX% of the emailed notices were sent to "undeliverable" email addresses. In addition, pursuant to the Class Action Fairness Act,

28 U.S.C. § 1711, et seq. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

9.      The form and method of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and Due Process, and constituted the best notice practicable under the circumstances; and due and sufficient notice of the Fairness Hearing and the rights of all Class Members have been provided to all Class Members, consistent with Rule 23 and Due Process.

10.      The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

A.      The Settlement resulted from arm's length negotiations by experienced and competent counsel, including a mediation presided over by the Honorable Diane M. Welsh (Ret.);

B.      The Settlement was negotiated only after Plaintiff, Class Counsel, DuPont, and DuPont's Counsel engaged in years of litigation and had undergone extensive discovery;

C.      The Settling Parties were well positioned to evaluate the value of the Class Action;

D.      If the Settlement had not been achieved, both Plaintiff and DuPont faced the expense, risk, and uncertainty of extended litigation;

E.      The amount of the Settlement ($7,000,000) and the non-monetary term included thereunder is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the

nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

F.      The Class Representative participated in the Class Action, fulfilled his responsibilities as a class representative, and retained competent and experienced Class Counsel to represent the class;

G.      The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

H.      Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court; and

I.      There were ___ timely objections to the Settlement. The Court has considered such objections, and they do not affect the Court's determination that the Settlement is fair, reasonable, and adequate. Accordingly, the Court overrules the objections to the Settlement with prejudice.

11.      The Motion for Final Approval of the Class Action Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable, and adequate to the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

12.      The Complaint, all amendments thereto, and all Released Claims, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

13.     The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns, shall be (a) conclusively deemed to have, and by operation of this Final Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged DuPont and the Released Parties from all Released Claims, and (b) barred and enjoined from suing DuPont or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Action and the Released Claims, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections of such Class Members have been approved or allowed, and whether or not such Class Members ultimately cash the check for their *pro rata* share of the Net Settlement Amount.

14.     Upon the Effective Date of this Order under the Settlement Agreement, the Class Representative and each Class Member shall release DuPont, DuPont's Counsel, Class Counsel, and the Released Parties from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Settlement Fund or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The Court finds that all applicable CAFA requirements have been satisfied.

16.     DuPont and Class Counsel shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Class Member pursuant to the Plan of Allocation approved by the Court.

17.     Within twenty-eight (28) calendar days following the issuance of all settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the

Settlement Administrator shall prepare and provide to Class Counsel and DuPont's Counsel a list of each person who received a settlement payment and the amount of such payment.

18.     The Court shall retain jurisdiction to enforce the Settlement Agreement and resolve any disputes arising thereunder, as well as to consider additional requests for payments from the Settlement Fund for future settlement administration expenses.

19.     Upon the Effective Date of this Order under the Settlement Agreement, all Settling Parties and the Settlement Class shall be bound by the Settlement Agreement and by this Final Approval Order.

The Clerk of the Court is directed to enter this Final Judgment forthwith.

**IT IS SO ORDERED.**


Dated: _____          _____

                                                                                    Hon. Stephanos Bibas
                                                                                    United States Circuit Judge