# EXHIBIT B

DMFIRM #404223396 v23

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| M.P. MOON, individually and as representative of a class of participants and beneficiaries in and on behalf of the DuPont Pension and Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>E.I. du Pont de Nemours and Company,<br><br>Defendant. | C.A. No. 19-1856-SB |

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

This litigation arose out of claims alleging breaches of fiduciary duties and prohibited transactions against E. I. du Pont de Nemours and Company ("DuPont") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, with respect to its management, operation, and administration of the DuPont Pension and Retirement Plan (Title I) (the "Plan"). DuPont denies all of the claims and allegations of wrongdoing in this Action.

Presented to the Court for preliminary approval is a settlement of the litigation against DuPont. The terms of the Settlement are set out in a Class Action Settlement Agreement dated _____, 2022 (the "Settlement Agreement" or "Settlement"), executed by M.P. Moon (the "Class Representative"), Class Counsel, DuPont, and DuPont's Counsel (D.I. XX). Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

1. **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

    A. The proposed Settlement resulted from arm's length negotiations by experienced and competent counsel, including a mediation presided over by the Honorable Diane M. Welsh (Ret.);

    B. The Settlement was negotiated only after Plaintiff, Class Counsel, DuPont, and DuPont's Counsel engaged in years of litigation and had undergone extensive discovery;

    C. Class Counsel has submitted a declaration in support of the Settlement; and

    D. The terms set forth in the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below. The Court concludes that the Settlement Agreement is sufficiently within the range of reasonableness to warrant the preliminary approval of the Settlement Agreement, the scheduling of the Fairness Hearing, and the mailing and emailing of the Settlement Notice to Settlement Class Members, each as provided for in this Order. The Court further finds, on a preliminary basis, that the Plan of Allocation for allocating the Net Settlement Amount among Settlement Class Members is fair and reasonable.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred thirty (130) calendar days after the date the Preliminary Order is filed] \_\_\_\_\_, 20\_\_\_, at _____.m., in Courtroom \_\_\_ of the United States District Court for the District of Delaware, before the undersigned Judge, to determine, among other issues:

    A. Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

      B.      Whether the Court should enter the Final Approval Order; and

      C.      Whether the Court should approve any motion for Attorneys' Fees and Costs, Administrative Expenses, and Class Representative Compensation.

3.    **Settlement Administrator:** The Court approves and orders that American Legal Claim Services, LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

4.    **Class Certification:** Pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, the Court hereby certifies for settlement purposes only the following Settlement Class (the "Class" or the "Settlement Class"):

> All Plan participants who (a) as of the last day of the Class Period have not been reported to the Plan administrator as deceased; (b) commenced receiving payment on or after October 1, 1999 or have terminated employment and are entitled to a future payment; (c) at the time of termination of employment had an earliest unreduced benefit commencement date ("EUBCD") that fell between the date of the termination of their employment and their Normal Retirement Date; and (d) did not commence receiving their retirement benefit as of their EUBCD.

The Class Period is from October 1, 1999 to the first day of the month the Court enters this Preliminary Approval Order. The Court appoints deLeeuw Law LLC and McKay Law, LLC as counsel for the Settlement Class. Further, the Court appoints M.P. Moon as representative for the Settlement Class.

Solely for settlement purposes, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Action is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class; and (d) Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class. Solely for settlement purposes, the Court further finds that the requirements of Rule 23(b)(1)

have been met. Prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Member(s) that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action, and adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

For settlement purposes, the Court hereby finds that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff is an adequate class representative and certifies him as Class Representative for the Settlement Class, and appoints the law firms of deLeeuw Law LLC and McKay Law, LLC as Class Counsel. Plaintiff and Class Counsel have fairly and adequately represented the Settlement Class in terms of both litigating the claims of the Settlement Class and entering into and implementing the Settlement, and have satisfied all the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

**5.** **Class Notice:** The Settling Parties have presented to the Court the proposed form of notice regarding the Settlement for mailing and emailing to Class Members ("Settlement Notice").

    A.    The Court approves the text of the Settlement Notice and finds that the proposed form and content therein fairly and adequately:

        i    Summarizes the claims asserted;

        ii    Describes the terms and effect of the Settlement;

        iii    Notifies the Settlement Class that Class Counsel will seek compensation from the Gross Settlement Amount for Attorneys' Fees and Costs, and Class Representative's Compensation;

    iv  Gives notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

    v  Describes how the recipients of the Settlement Notice may object to the Settlement, or any requested Attorneys' Fees and Costs, or Class Representative's Compensation.

  B. The Settlement Administrator shall send by first-class mail the Settlement Notice to each Class Member identified by DuPont within forty-five (45) calendar days of the date of this Order (or by such other deadline as specified by the Court), as specified in the Settlement Agreement.

  C. The Settlement Administrator shall also send by email the Settlement Notice to each Class Member identified by DuPont and for whom the Plan has an email address within forty-five (45) calendar days of the date of this Order (or by such other deadline as specified by the Court), as specified in the Settlement Agreement.

  D. On or before the date the Settlement Notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement, and thereafter post a copy of the Settlement Notice and this Order on the Settlement Website.

  E. Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing and emailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

  **6.** **Preliminary Injunction:** Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, agents, attorneys, and assigns, are hereby barred

and enjoined from suing DuPont, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against DuPont, the Plan, or the Released Parties.

7. **Objections to Settlement:** Any objections to any aspect of the Settlement Agreement shall be heard, and any papers submitted in support of said objections shall be considered, by the Court at the Fairness Hearing if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and DuPont's counsel. To be filed validly, the objection and any supporting documents must be filed at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing. Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above.

8. **Responses to Objections and Final Approval Motion:** Any party may file a response to an objection by a Class Member no later than fourteen (14) calendar days prior to the Fairness Hearing, and Class Counsel shall submit to the Court a motion for entry of the Final Approval Order at least fourteen (14) calendar days before the Fairness Hearing.

9. **Motion for Attorneys' Fees and Costs, and Class Representative Compensation:** Class Counsel's motion for an award of Attorneys' Fees and Costs must be filed at least twenty-eight (28) days before the Fairness Hearing, though it may be supplemented thereafter. If the Class Representative seeks Class Representative Compensation, he must do so at least twenty-eight (28) days before the Fairness Hearing.

10. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**IT IS SO ORDERED.**

Dated: _____     _____
                                    Hon. Stephanos Bibas
                                    United States Circuit Judge