IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

M.P. MOON, individually and as
representative of a class of participants
and beneficiaries in and on behalf of the
DuPont Pension and Retirement Plan,

> *Plaintiff,*

> v.                                                    No. 19-cv-1856-SB

E.I. du Pont de Nemours and Co.,

> *Defendant.*

---

## MEMORANDUM OPINION

February 3, 2023

BIBAS, *Circuit Judge*, sitting by designation.

Parties can be more imaginative than courts. For lawyers and clients alike, then, settlement often presents the best resolution to litigation. But when the lawsuit encompasses people who are not directly involved in the litigation, courts must proceed with caution. With that caution in mind, I approve this settlement because it is fair, reasonable, and adequate for the whole class.

## I. BACKGROUND

M.P. Moon alleges that he missed out on retirement benefits because DuPont, his former employer, failed to tell him that he was eligible. And he says this problem was widespread. In failing to provide this notice, he claims that DuPont breached its

fiduciary obligations under the Employee Retirement Income Security Act (ERISA). D.I. 30 ¶¶ 3, 25–38, 46–58. DuPont denies these allegations.

Previously in this case, I dismissed Moon's first complaint and then denied a motion to dismiss his amended complaint. D.I. 29, 33. The parties then proceeded to discovery, producing about 20,000 pages of materials. D.I. 98 ¶ 5. With that discovery in hand, the parties briefed and argued a motion for class certification. *See* D.I. 50, 51, 56, 61, 62. They also participated in mediation with the Honorable Diane Welsh. D.I. 98 ¶ 4. The mediation was not immediately successful, but it prompted further negotiations that culminated in this settlement. *Id.* at ¶¶ 3–4.

The settlement requires DuPont to pay $7 million. D.I. 92A § 2.23. Class Counsel have requested one-third of that amount for fees, plus about $40,000 in expenses and $15,000 to administer the settlement. D.I. 108, 109. Class Counsel have also requested $25,000 for Moon as Class Representative. D.I. 92A § 9.1. The remaining amount will be automatically distributed pro rata to the 359 class members. *Id.* §§ 6.1, 6.3.2; D.I. 99 ¶ 3.

The settlement also involves nonmonetary relief. DuPont will now provide additional notice to retirees. *Id.* § 8.1. This extra notice reaches beyond the settlement class, benefiting thousands of DuPont employees.

Moon filed an unopposed motion for the settlement's preliminary approval in September 2022. D.I. 92. I granted it. D.I. 95. The parties then sent notices to the class through physical mail, email, and the settlement website. D.I. 99 ¶¶ 3–7. Only one

notice was deemed undeliverable. *Id*. And Class Counsel has gone so far as to hire a private investigator to track down the outlier.

Zero class members have opted out or objected. D.I. 98 ¶ 7. In fact, Class Counsel says several class members have reached out to express "strong support and warm gratitude." D.I. 97 at 4. After holding a hearing, I have decided that the class is certifiable for purposes of the settlement and that the settlement is fair, reasonable, and adequate. So I approve the settlement.

## II. THE SETTLEMENT CLASS IS CERTIFIABLE

To approve the settlement, the class must be certifiable. That means it must satisfy Rule 23(a) and (b). The proposed Settlement Class is defined as follows:

> All Plan participants who (a) as of the last day of the Class Period have not been reported to the Plan administrator as deceased; (b) commenced receiving payment on or after October 1, 1999 or have terminated employment and are entitled to a future payment; (c) at the time of termination of employment had an EUBCD that fell between the date of the termination of their employment and their Normal Retirement Date; and (d) did not commence receiving their retirement benefit as of their EUBCD.

D.I. 97 at 4.

Rule 23(a) requires numerosity, typicality, commonality, and adequacy. *See* Fed. R. Civ. P. 23(a)(1)–(4). Those requirements are met. There are over 350 class members, all members' claims share the legal question whether DuPont breached its fiduciary duties, Moon's experience losing benefits due to lack of notice is typical, and both Moon and Class Counsel have ably litigated the case on behalf of the class. As for Rule 23(b)(1), a class action "may be maintained" if bringing separate actions would risk inconsistent results. Fed. R. Civ. P. 23(b)(1)(A). The novel theory in this case presents that risk. Courts could disagree over whether DuPont's practices

violated its fiduciary duties. So the class satisfies Rule 23, and I certify it only for settlement purposes.

### III. The Settlement Is Fair, Reasonable, and Adequate

Once the class is "certified for purposes of settlement," the case may be settled so long as the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Rule 23(e)(2) requires the court to consider whether:

(A) the class representatives and class counsel have adequately represented the class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

On top of those considerations, the Third Circuit has added nine factors: (1) the complexity, expense, and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Girsh v. Jepson*, 521 F.2d 153, 156 (3d Cir. 1975).

This settlement checks all these boxes.

*First*, the class is adequately represented. Moon and Class Counsel pursued these claims through three years of litigation and two motions to dismiss. D.I. 98 ¶ 9. Moon was an active participant in drafting the complaint, opposing those motions, producing information in discovery, and negotiating the settlement. *Id.* Class Counsel are experienced in ERISA class actions, engaged in extensive discovery, and have diligently pursued the claims on behalf of the class. *Id.* ¶¶ 5–6, 10–12. This discovery and course of litigation also ensured that Moon and Class Counsel had an "adequate appreciation of the merits of the case before negotiating" the settlement. *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 319 (3d Cir. 1998) (internal quotation marks omitted).

*Second*, the settlement was negotiated at arm's length. After three years of litigation, plus mediation, the parties negotiated for months in good faith. D.I. 98 ¶¶ 3–5. These negotiations were informed both by the discovery in this case as well as by the lawyers' experience, giving rise to the presumption that the settlement is fair and reasonable. *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 785 (3d Cir. 1995).

*Third*, the relief to the class is adequate. As discussed at the hearing, the parties engaged in sophisticated calculations to determine the best possible recovery for the class. That projection was about $12.4 million. *See* D.I. 97 at 4.The class will recover more than half that amount, $7 million. *See* D.I. 92A § 2.23. That proportion of recovery is well within the range of reasonableness. *See, e.g., McDonough v. Toys R Us, Inc.*, 80 F. Supp. 3d 626, 646 (E.D. Pa. 2015); *cf. Sullivan v. DB Invs., Inc.*, 667 F.3d

273, 324 (3d Cir. 2011) ("[I]n conducting the analysis, the court must guard against demanding too large a settlement based on its view of the merits of the litigation; after all, settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." (internal quotation marks omitted)).

The settlement also secures substantial nonmonetary relief. This suit was about notice, and now more DuPont employees—even those well beyond this lawsuit—will get it. Given the potential damages in this case, Class Counsel estimates this non-monetary relief to be the equivalent of "several million dollars." D.I. 97 at 5.

This recovery is especially reasonable considering the risks of continuing litigation. "ERISA is a complex field that involves difficult and novel legal theories and often leads to lengthy litigation." *Stevens v. SEI Invs. Co.*, 2020 WL 996418, at *3 (E.D. Pa. Feb. 28, 2020) (internal quotation marks omitted). This case is no different. Moon's legal theories are novel, fact-intensive, and rely on experts. And DuPont raised several affirmative defenses. D.I. 35 at 8–10. All those variables create expense and uncertainty. Plus, together with appeal, they cause delay. And many of the class members here are elderly. So the settlement ensures a greater recovery for a greater number.

That recovery will be distributed effectively. Class members will receive their shares automatically. And all but one member of the class has successfully been reached.

*Fourth*, the requests for attorneys' fees, expenses, and Class Representative compensation are reasonable. The Third Circuit has outlined another ten factors in

determining whether a fee award is reasonable, but I will not list them all here because they "need not be applied in a formulaic way." *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000); *Halley v. Honeywell Int'l, Inc.,* 861 F.3d 481, 496 (3d Cir. 2017).

Class Counsel achieved an excellent result for the class, recovering more than half the amount of the best possible outcome. Combined with the nonmonetary relief, the value and breadth of the recovery is substantial. This was no small feat. As noted above, this settlement is the culmination of years of litigation, multiple motions to dismiss, robust discovery, mediation, and extensive negotiations. DuPont was well represented, and Class Counsel nonetheless doggedly pursued the uncertain, complex claims on behalf of the class. Class Counsel's persistence is especially notable given their risk. Counsel took the case on contingency and spent more than 4,000 hours on the case. D.I. 102 ¶¶ 9–10.

The one-third recovery is also unremarkable. *See e.g., Sweda v. Univ. of Pa.*, 2021 WL 5907947, at *6–8 (E.D. Pa. Dec. 14, 2021). And its reasonableness is confirmed by a modest lodestar of 1.11. *See* D.I. 101 at 15–16. This lodestar means that Class Counsel is recovering barely more than the value of the hours that they have already spent on the case. Plus, the agreed-upon contingency fee was for one-third of the recovery, so the private arrangement also matches the settlement. D.I. 102 ¶ 9; *see Huffman v. Prudential Ins. Co. of Am.*, 2019 WL 1499475, at *7 (E.D. Pa. Apr. 5, 2019).

Finally, the litigation expenses and the award for the Class Representative are also sensible. Class Counsel requests $39,242 for expenses, far less than the $50,000

maximum. I have reviewed the itemized expenses submitted under seal and confirmed with Counsel that these expenses were necessary for the litigation. D.I. 108. So too with the expenses for sending notices to the class and administering the settlement. D.I. 109. And the $25,000 for Moon is typical of cases like this one. *See, e.g.*, *Sweda*, 2021 WL 5907947, at *7–8. Moon was highly involved in each stage of the process and he has put his reputation at risk as a named plaintiff. So he has earned his keep.

\* \* \* \* \*

Though class-action settlements sometimes present thorny questions, this one is straight down the middle. Both sides were ably represented and reached a practical compromise. Both the monetary and nonmonetary relief are substantial, and Class Counsel's fee request is ordinary. So I approve the settlement.